### JOAN DUBOIS *v.* GENERAL DYNAMICS CORPORATION/ ELECTRIC BOAT DIVISION
### (14375)

PETERS, C. J., SHEA, GLASS, COVELLO and SANTANIELLO, JS.

Argued February 13—decision released May 12, 1992

*John W. Greiner,* for the appellant (defendant).

*Nathan Julian Shafner,* for the appellee (plaintiff).

SANTANIELLO, J. This is an appeal by the defendant, General Dynamics Corporation/Electric Boat Division, from a decision of the compensation review division (review division) affirming an award of the workers' compensation commissioner (commissioner) for the second district. The plaintiff is Joan Dubois, widow of the deceased, Arthur Dubois.

The facts are essentially undisputed. The plaintiff married Arthur Dubois on June 30, 1956. From October 11, 1958, through November 12, 1988, Arthur Dubois was employed by the defendant. Dubois was totally disabled from October 20, 1988, through November 12, 1988. On November 12, 1988, Dubois died of respiratory failure and lung cancer. At the time of Dubois' death, the plaintiff was living with him and was wholly or mainly supported by him. On October 6, 1989, a notice of claim for widow's benefits was served upon the defendant via certified mail. On October 10, 1989, a notice of claim was served upon the commissioner. On October 27, 1989, one of the defendant's insurers filed a notice of intention to contest liability.

On March 9, 1990, the plaintiff filed a motion to preclude the defendant from contesting her right to receive benefits. This motion was dismissed on May 3, 1990. Subsequently, the plaintiff filed a motion to correct this ruling, which was granted by the commissioner on August 3, 1990. Thereafter, the commissioner granted the motion to preclude, and later awarded benefits to

the plaintiff. The defendant appealed this decision to the review division, which affirmed the commissioner's ruling.

The defendant has appealed the review division's decision, claiming that it improperly: (1) concluded that the notice of claim given in the present case satisfied the address requirements of General Statutes § 31-294;[1] and (2) failed to apply General Statutes § 31-297 (b), as amended by Public Acts 1990, No. 90-116, § 9,[2] in

---

[1] General Statutes § 31-294 (a) provides: "Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure; but the burden of proof with respect to such prejudice shall rest upon the employer. No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. Such notice may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of such notice to the commissioner of administrative services."

[2] General Statutes § 31-297 (b), as amended, provides: "Except as provided in subsection (c) of this section, whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within

rendering its decision. We transferred the appeal to this court pursuant to Practice Book § 4023. We affirm the decision of the review division.

## I

The defendant first argues that the notice of claim given pursuant to General Statutes § 31-294 was insufficient to preclude its defenses under General Statutes § 31-297 (b). The defendant further argues that since the notice of claim was deficient, the commissioner was without jurisdiction to grant the plaintiff's motion to preclude. An understanding of the relevant statutory provisions is necessary in order to evaluate this claim properly.

Section 31-294 (a) provides in pertinent part: "No proceedings for [workers'] compensation . . . shall be maintained unless a written notice of claim for compensation is given . . . . Such notice . . . shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom . . . *and the name and address of the employee and of the person in whose interest compensation is claimed.*" (Emphasis added.) Section 31-297 (b) provides in pertinent part: "[W]henever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice . . . stating [inter alia] that the right to compensation

the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability, provided the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time period set forth in this section."

is contested . . . and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. *If the employer . . . fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability . . . ."* (Emphasis added.) "Although the phrase, 'written notice of claim,' in § 31-297 (b) does not specifically refer to the phrase, 'written notice of claim for compensation,' in § 31-294, it is clear that both statutory sections refer to the same notice." *Pelletier* v. *Caron Pipe Jacking, Inc.,* 13 Conn. App. 276, 280, 535 A.2d 1321, cert. denied, 207 Conn. 805, 540 A.2d 393 (1988).

According to the defendant, the notice of claim was inadequate in that "no address at all was provided to identify the employee" and that "[o]nly the address of the person in whose interest compensation was claimed was provided." A copy of the notice at issue reveals that the address was provided, as follows:

> "Joan Dubois (widow of Arthur Dubois Sr.)
> (Signature of Injured Employee)
> 278 Ross Hill
> Lisbon CT 06351
> (Address)
> By    /s/Matthew Shafner
> Attorney"

Upon consideration of the facts of this case, and the policy behind the § 31-297 (b) preclusion, we conclude that this notice satisfied the requirements of § 31-294. "We recently interpreted § 31-297 (b) in *Castro* v. *Viera,* 207 Conn. 420, 430–31, 541 A.2d 1216 (1988), where, quoting *Menzies* v. *Fisher,* 165 Conn. 338, 343,

334 A.2d 452 (1973), we stated: ' "The object which the legislature sought to accomplish [was] plain. . . . [It] was amended to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claims. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." ' We have also stated that '[w]e are mindful of the principles underlying Connecticut practice in workmen's compensation cases: that the legislation is remedial in nature; *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 375, 94 A. 372 (1915); and that it should be broadly construed to accomplish its humanitarian purpose. *DeCarli* v. *Manchester Public Warehouse Co.,* 107 Conn. 359, 364, 140 A. 637 (1928).' *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117, 411 A.2d 924 (1979)." *Ash* v. *New Milford,* 207 Conn. 665, 672–73, 541 A.2d 1233 (1988).

When these principles are applied to the present case, it is clear that the notice was sufficient to allow the defendant to make a timely investigation of the claim. The plaintiff, Joan Dubois, has the same last name as the deceased employee, Arthur Dubois. The plaintiff states in her notice of claim that she is the widow of the deceased employee, and she provides the address of their family domicile as the proper place to make an inquiry. The notice leaves no doubt that this is a claim for death benefits, as the cause of injury refers to: "Exposure to lung irritants/asbestosis that caused death DOD 11-12-88 Lung Cancer." In light of these facts, we hold that the notice of claim at issue substantially complied with § 31-294 and that therefore, the commissioner had jurisdiction to grant the plaintiff's motion to preclude. See *Collins* v. *West Haven,* 210 Conn. 423, 555 A.2d 981 (1989) (since the plaintiff's

notice satisfied the requirements of § 31-294, the commissioner had jurisdiction to award benefits under General Statutes § 7-433c). We further find that under these facts, the purposes of § 31-297 (b) were not violated by precluding the defendant's defenses.

## II

The defendant next argues that the review division should have considered the adequacy of the plaintiff's notice of claim filed on October 6, 1989, according to the requirements of § 31-297 (b) as amended by Public Acts 1990, No. 90-116, § 9. The amendment added to § 31-297 (b) as of October 1, 1990, the provision that "the employer shall not be conclusively presumed to have accepted compensability when the written notice of claim . . . fails to include a warning that the employer shall be precluded from contesting liability unless a notice contesting liability is filed within the time period set forth in this section." The defendant argues that the amended statute should be applied retroactively, and that since the notice of claim at issue did not contain the warning to the employer now required by § 31-297 (b), the decision of the review division must be reversed. Although this issue was not raised before the review division, the defendant argues that we may nonetheless consider it under the plain error doctrine. We disagree.

"Only in the most exceptional circumstances will this court consider a claim that was not raised [below]." *Cahill* v. *Board of Education,* 187 Conn. 94, 99, 444 A.2d 907 (1982); see Practice Book § 4185. "Such exceptional circumstances may occur where a new and unforeseen constitutional right has arisen between the time of trial and appeal or where the record supports a claim that a litigant has been deprived of a fundamental constitutional right and a fair trial. *State* v. *Williams,* 182 Conn. 262, 267, 438 A.2d 80 (1980); *State*

v. *Evans,* [165 Conn. 61, 69, 327 A.2d 576 (1973)]. An exception may also be made where consideration of the question is in the interest of public welfare or of justice between the parties." *Cahill* v. *Board of Education,* supra, 100. No such exceptional circumstances exist in the present case.

Furthermore, "[p]lain error is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial." *Commissioner* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 671, 594 A.2d 958 (1991). We conclude that this is not a case that would justify consideration of an issue raised for the first time on appeal under the plain error doctrine.

The decision of the compensation review division is affirmed.

In this opinion the other justices concurred.