JOSEPH L. LYNCH ET AL. *v.* GRANBY HOLDINGS, INC.
(14868)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and PALMER, Js.

Argued June 8—decision released June 23, 1994*

* June 23, 1994, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Andrea A. Hewitt,* with whom was *Eliot B. Gersten,* for the appellant (defendant).

*Timothy Brignole,* for the appellee (plaintiff Daniel Lynch).

PER CURIAM. In this civil action concerning a disputed lease agreement, the dispositive issue before us is the scope of appellate review of issues that were raised neither at trial nor on appeal. Two actions arising under a single lease were consolidated at trial. In the first action, the tenant, Daniel Lynch (tenant), and his subtenants, Joseph Lynch and Joan Lynch (subtenants),[1] filed a four count complaint charging the lessor, Granby Holdings, Inc. (lessor), with breach of the lease, with breach of an oral agreement and with negligent misrepresentation.[2] In the second action, the lessor sued the tenant to recover unpaid rent. A jury returned verdicts in favor of the subtenants against the lessor on their claims of breach of an oral agreement and for negligent misrepresentation, and awarded them damages in the amount of $12,409. The jury also found in favor of the tenant on his claim of breach of the lease but awarded him zero damages. In the second action,

---

[1] The initial complaint listed only Joseph Lynch as a plaintiff subtenant. On January 22, 1992, however, the trial court granted a motion to add Joan Lynch as a plaintiff subtenant.

[2] A fifth count in the first action was a claim between the subtenants and S. Michael Lassman for breach of contract and negligence. The jury's award to the subtenants of $2128 on that count was not at issue in the appeal to the Appellate Court and is, therefore, not at issue in this court.

the jury found the tenant liable for unpaid rent in the amount of $35,911.30. The trial court rendered judgments in accordance with the jury verdicts.

The tenant appealed and the lessor cross appealed to the Appellate Court, which affirmed the judgments in favor of the subtenants and the lessor. The Appellate Court concluded, however, that the jury's zero damages verdict on the tenant's claim for breach of contract manifested such juror confusion that a new trial on that claim was required. *Lynch* v. *Granby Holdings, Inc.*, 32 Conn. App. 574, 578–79, 630 A.2d 609 (1993). We granted the lessor's petition for certification[3] and now reverse.

In the tenant's appeal to the Appellate Court, he challenged the validity of the zero damages award on the theory that the trial court had misinstructed the jury on mitigation of damages. Neither at trial nor in his brief or oral argument in the Appellate Court did the tenant contend that the damages award was improper for any other reason. The Appellate Court did not address the merits of the trial court's charge on mitigation. Instead, the Appellate Court concluded that the jury's award should be set aside because the award manifested confusion "about liability, about damages, about the mitigation [of] damages, or all three. Therefore, the jury's award of zero damages is improper . . . ." *Lynch* v. *Granby Holdings, Inc.*, supra, 32 Conn. App. 579.

In the absence of a question relating to subject matter jurisdiction, the Appellate Court had only limited authority to reach the issue of possible confusion in the

---

[3] We granted certification to appeal, limited to the following issue: "Whether the Appellate Court was correct under the circumstance[s] of this case in holding that a jury finding for the plaintiff Daniel Lynch, together with an award of zero damages, was required to be set aside and remanded for a new trial?" *Lynch* v. *Granby Holdings, Inc.*, 228 Conn. 913, 635 A.2d 1230 (1993).

jury's verdict. In civil jury cases seeking money damages, a litigant is not entitled to plenary appellate review of a claim of error that was not presented to the trial court by way of a timely motion to set aside a jury verdict. General Statutes § 52-228b; Practice Book § 4185; *Falby* v. *Zarembski,* 221 Conn. 14, 22, 602 A.2d 1 (1992); *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 512–15, 441 A.2d 163 (1981). In the absence of an appropriate motion to set aside the verdict, appellate review of such a claim is limited to plain error review. *Falby* v. *Zarembski,* supra, 22; *Pietrorazio* v. *Santopietro,* supra, 512–15. In civil cases, "[p]lain error is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial." *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.,* 219 Conn. 657, 671, 594 A.2d 958 (1991); *Skrzypiec* v. *Noonan,* 228 Conn. 1, 14–15, 633 A.2d 716 (1993); *Dubois* v. *General Dynamics Corp.,* 222 Conn. 62, 68–69, 607 A.2d 431 (1992). In this case, therefore, the Appellate Court could consider an infirmity in the jury verdict on the basis of the jury's manifest confusion only if the Appellate Court concluded that it had been plain error for the trial court to accept the jury's verdict.

As a general matter, the Appellate Court has discretion to decide that a ruling by the trial court warrants plain error review. Before us, the question is whether the Appellate Court abused its discretion in coming to such a conclusion. *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 195–96, 520 A.2d 208 (1987).

In the circumstances of this case, we conclude, for three reasons, that it was an abuse of discretion for the Appellate Court to order a new trial on the ground

of plain error. First, unlike the Appellate Court's opinion in *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 402–403, 499 A.2d 64 (1985), rev'd on other grounds, 202 Conn. 190, 195–96, 520 A.2d 208 (1987), the Appellate Court's opinion in this case does not discuss the plain error rule and articulates no reason why plain error review was appropriate. Second, the Appellate Court addressed this issue sua sponte, rather than at the behest of one of the parties, thereby depriving the parties of an opportunity to brief the issue. Finally, in light of the related issues concerning the tenant's duties under the lease in this case, the possibility of juror confusion does not warrant plain error review because such a claim of error does not implicate interests of public welfare or of fundamental justice between the parties. See *Skrzypiec* v. *Noonan,* supra, 228 Conn. 15; *Dubois* v. *General Dynamics Corp.,* supra, 222 Conn. 68–69.[4]

Having decided that a new trial was required on the ground of jury confusion, the Appellate Court did not consider the tenant's claim that the jury's verdict was improper because of misinstruction on the issue of mitigation of damages. We therefore remand this case to the Appellate Court for consideration of that issue and any other issues that properly were raised in that court by the tenant's appeal.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

---

[4] In view of our resolution of this appeal, we need not decide whether the rule of *Malmberg* v. *Lopez,* 208 Conn. 675, 679–80, 546 A.2d 264 (1988), on which the Appellate Court relied, applies to claims for breach of contract as well as to tort claims.