EQUITY MORTGAGE, INC. *v.* KAREN NIRO
(15600)

O'Connell, Landau and Schaller, Js.

Argued January 14—officially released March 18, 1997

*James C. Delaney*, for the appellant (defendant).

*Raymond J. Lemley*, for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from a judgment for the plaintiff rendered after a court trial. She claims that the trial court improperly (1) allocated the burden of proof concerning forgery and (2) found consideration.

This case involves a written instrument that the plaintiff claims evidences the defendant's promise to repay a $5000 loan and to make monthly interest payments of $62.50 representing an annual interest rate of 15 percent until repayment of the loan was completed. The instrument also provided that the defendant assigned to the plaintiff $5000 of the proceeds that the defendant would receive as compensation for an accident in which she had been involved in Pratt and Whitney's parking lot.[1] The defendant denied that she had signed the

---

[1] The August 24, 1990 agreement by which the defendant assigned her interest in her personal injury action states:

"For Value Received, I, Karen Niro, am assigning to Equity Mortgage Inc., the sum of Five Thousand and 00/100 ($5,000.00) dollars of the proceeds that I will receive as compensation from the accident that I was in at the Pratt and Whitney parking lot.

"Interest shall be paid monthly ($62.50) at the rate of Fifteen (15.0%) percent per annum until this note is paid in full.

The signature on the agreement was illegible, and the defendant's name was typed next to the signature.

instrument and by special defense alleged that her signature thereon was a forgery. The plaintiff's employee who was allegedly involved in the transaction was not available to testify.

The trial court heard the evidence and rendered judgment for the plaintiff for $8985.04 plus costs. The defendant appealed and the matter initially came before this court on a waiver of oral argument. After consideration of the record and briefs, we assigned the appeal for oral argument and ordered the parties to file briefs on the following issues: (1) does the assignment violate the public policy against assignment of an interest in a personal injury claim and (2) does the assignment violate the Connecticut usury law?

The plaintiff did not brief the merits of the usury question, arguing instead that this court lacked jurisdiction to consider the issue because it had not been raised in the pleadings. *Gordon* v. *Tuffano*, 188 Conn. 477, 450 A.2d 852 (1982). Accordingly, as a threshold matter we discuss whether it is appropriate under the circumstances for us to consider usury.

Under ordinary circumstances, a litigant is not entitled to plenary appellate review of a claim that was not presented to the trial court. Practice Book § 4061, formerly § 4185.[2] Appellate review of such a claim is limited to plain error.

" 'In civil cases, [p]lain error is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial.' " *Lynch* v. *Granby Holdings, Inc.*,

[2] Practice Book § 4061 provides in pertinent part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

230 Conn. 95, 644 A.2d 325 (1994), quoting *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 671, 594 A.2d 958 (1991).

The Supreme Court in *Lynch* v. *Granby Holdings, Inc.*, supra, 230 Conn. 95, reversed this court when we considered plain error on the part of the trial court. The Supreme Court gave three reasons for reversal of our *Lynch* decision: (1) the failure to discuss the plain error ruling and articulate why plain error review was appropriate, (2) our addressing the issue sua sponte, thereby depriving the parties of an opportunity to brief the issue, and (3) that the issue at bar did not implicate interests of public welfare or fundamental justice between the parties. Id., 99. We will discuss each of the Supreme Court's concerns in *Lynch* as they apply to the present case.

First, "[l]oans with interest rates in excess of 12 percent per annum are prohibited by General Statutes § 37-4 and as a penalty no action may be brought to collect principal or interest on any such prohibited loan. General Statutes § 37-8. In addition to the civil forfeiture penalty, Connecticut law also provides a criminal penalty of a fine not to exceed $1000 or imprisonment for not more than six months or both, for making a usurious loan." *Ferrigno* v. *Cromwell Development Associates*, 44 Conn. App. 439, 442, 689 A.2d 1150(1997).[3] On its face, the instrument in the present case indicates a 15 percent interest rate. In addition to civil sanctions, a

---

[3] General Statutes § 37-4 provides in pertinent part: "No person . . . shall . . . directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

General Statutes § 37-8 provides in pertinent part: "No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by [section] 37-4 . . . ."

General Statutes § 37-7 provides in pertinent part: "Any person who . . . violates any provision of section 37-4, 37-5 or 37-6 shall be fined not more than one thousand dollars or imprisoned not more than six months or both."

loan at 15 percent constitutes a crime. General Statutes § 37-7.[4] To ignore the plaintiff's flouting of the statutes where the error is so obvious would affect the fairness and integrity of and public confidence in the judicial proceeding. *State* v. *Miller*, 202 Conn. 463, 469, 522 A.2d 249 (1987). Additionally, the interest rate on a loan is a matter of fundamental justice between a lender and borrower when the interest rate is illegal. The interests of justice require that we consider usury under the plain error doctrine.

Second, in advance of oral argument, we notified the parties to brief the usury issue. As a result, there was extensive argument of the issue at the appellate hearing.

Finally, because making a usurious loan is a crime and bringing suit to recover money loaned at usurious rates is barred by statute, it is readily apparent that the usury issue implicates interests of public welfare as well as fundamental justice between the parties.

In view of the foregoing discussion, we conclude that this appeal presents one of those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired if we failed to address the issue, despite the fact that it was not raised or preserved at trial. *Lynch* v. *Granby Holdings, Inc.*, supra, 230 Conn. 98.

Our analysis of whether there is an issue warranting plain error review effectively decides the appeal. The plaintiff contends that the written instrument demonstrates that it is a promissory note for money loaned

[1] We recognize that there must be an intent to make a usurious loan for a violation of the usury statute. "Where all that appears in the case is that the lender has made a charge for the use of the money loaned in excess of that permitted by the statute, it follows as a matter of law that there is an intent to violate the statute." *Manchester Realty Co.* v. *Kanehl*, 130 Conn. 552, 556, 36 A.2d 114 (1944).

to the defendant by the plaintiff. On its face, it specifically calls for 15 percent per annum interest. With exceptions not relevant here, interest at greater than 12 percent is barred by § 37-4. As a sanction for making such a proscribed loan, the lender may not bring an action to collect either principal or interest. General Statutes § 37-8. Because the plaintiff in the present case has brought an action that is forbidden by § 37-8, the judgment in the plaintiff's favor cannot stand.

In view of our decision on the usury issue, we do not reach the issue of whether the written instrument is an illegal assignment of an interest in a personal injury claim, nor do we reach either of the issues raised by the defendant.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.