## ROBERT WESTBROOK *v.* SAVIN ROCK CONDOMINIUMS ASSOCIATION, INC.
### (AC 16982)

Foti, Lavery and Hennessy, Js.

Argued March 27—officially released September 1, 1998

*Thomas P. Byrne*, with whom, on the brief, was *Eugene S. Melchionne*, for the appellant-appellee (plaintiff).

*Susan I. Epstein*, with whom was *Steven R. Rolnick*, for the appellee-appellant (defendant).

*Opinion*

HENNESSY, J. The plaintiff, Robert Westbrook, appeals from the judgment rendered by the judge trial referee in favor of the defendant, Savin Rock Condominiums Association, Inc. (association). The judge trial referee denied the defendant's motion to strike, but found in favor of the defendant on the merits of the complaint. Under the plain error doctrine,[1] we reverse the judgment of the judge trial referee and remand the case

---

[1] "In civil cases, [p]lain error is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial. *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, [98] 644 A.2d 325 (1994), quoting *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 671, 594 A.2d 958 (1991). The Supreme Court in *Lynch* v. *Granby Holdings, Inc.*, supra, 95, reversed this court when we considered

for further consideration of the defendant's motion to strike the complaint.

The following facts are relevant to this appeal. The plaintiff is a unit owner in the Savin Rock Condominiums complex. The defendant is the association of unit owners in the complex. The plaintiff alleged, in his February 24, 1995 amended complaint, that the defendant violated the bylaws and the declaration of Savin Rock Condominiums by allowing unit owners to construct decks, patios and stone fences that encroached on the common area. He sought punitive damages and a mandatory injunction ordering the removal of these illegally erected structures.

On January 2, 1997, the defendant filed a motion to strike the amended complaint for failure to join the owners of sixty-nine of the condominium units as indispensable parties. The defendant argued that these parties were indispensable because the acts complained of by the plaintiff involve the association of owners and the individual owners of units with patio space. On February 7, 1997, the judge trial referee issued a memorandum of decision in which he denied the defendant's motion to strike, but found in favor of the defendant on the merits of the case.[2]

plain error on the part of the trial court. The Supreme Court gave three reasons for reversal of our *Lynch* decision: (1) the failure to discuss the plain error ruling and articulate why plain error review was appropriate, (2) our addressing the issue sua sponte, thereby depriving the parties of an opportunity to brief the issue, and (3) that the issue at bar did not implicate interests of public welfare or fundamental justice between the parties. Id., 99." (Internal quotation marks omitted.) *Equity Mortgage, Inc.* v. *Niro*, 44 Conn. App. 471, 473–74, 690 A.2d 407 (1997). As in *Equity Mortgage, Inc.*, we conclude that "this appeal presents one of those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired if we failed to address the issue, despite the fact that it was not raised or preserved at trial. *Lynch* v. *Granby Holdings, Inc.*, supra, [98]." *Equity Mortgage, Inc.* v. *Niro*, supra, 475.

[2] Substantively, the judge trial referee concluded that contrary to the plaintiff's assertion, the construction of patios is permitted by both the General Statutes and the bylaws of the association.

On July 17, 1997, the defendant moved for an articulation of that portion of the February 7, 1997 memorandum of decision concerning the motion to strike.[3] In response, the judge trial referee stated: "1. The motion to strike referred to was originally heard and denied by the Honorable Leander Gray. 2. This court declined to overrule that decision and decided to abide by it as the law of the case." On May 8, 1995, Judge Gray denied the defendant's motion to strike the amended complaint. The defendant did not argue in its cross appeal that the judge trial referee improperly denied its motion to strike.

We conclude that the trial court improperly failed to consider the jurisdictional ground that was set forth in the defendant's motion to strike. The defendant's motion was predicated on the assertion that unit owners who were not joined in the plaintiff's complaint as defendants were indispensable parties to the action. According to the defendant, the trial court was without subject matter jurisdiction to hear the case. We agree that the defendant's motion to strike implicated subject matter jurisdiction[4] and, therefore, that issue should have been addressed by the judge trial referee.

"A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. *Santoro* v. *Kleinberger*, 115 Conn. 631, 638, 163 A. 107 (1932). This principle

---

[3] The portion of the memorandum of decision regarding the motion to strike stated: "The motion to strike filed before trial is denied."

[4] "[T]he federal courts have held that it is not an abuse of discretion or a violation of the doctrine of the 'law of the case' for a trial judge to reconsider a motion for summary judgment that has previously been denied. . . . *Mac's Car City, Inc.* v. *American National Bank*, 205 Conn. 255, [261], 532 A.2d 1302 (1987)." (Internal quotation marks omitted.) *Fiaschetti* v. *Nash Engineering Co.*, 47 Conn. App. 443, 446, 706 A.2d 476, cert. denied, 244 Conn. 906, 714 A.2d 1 (1998).

has been frequently applied to an earlier ruling during the pleading stage of a case such as that upon the motion to strike before us. See *State* v. *Sul*, 146 Conn. 78, 83, 147 A.2d 686 (1958); *Albrecht* v. *Rubinstein*, 135 Conn. 243, 247, 63 A.2d 158 (1948); *Dawson* v. *Orange*, 78 Conn. 96, 129, 61 A. 101 (1905). . . . According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law. 46 Am. Jur. 2d, Judges § 46; annot., 132 A.L.R. 14, 49.

"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. See 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478. In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. *Messenger* v. *Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 56 L. Ed. 1152 (1912). New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 516, 59 A. 607 (1905). Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. *State* v. *Hoffler*, 174 Conn. 452, 462–63, 389 A.2d 1257 (1978); *State* v. *Mariano*, 152 Conn. 85, [91], 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962 (1965).

"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. 1B Moore's Federal Practice (2d Ed.) ¶ 0.404 [4]. Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge. . . . From the vantage point of an appellate court it would hardly be sensible to reverse a correct ruling by a second judge on the simplistic ground that it departed from the law of the case established by an earlier ruling. 18 Wright, Miller & Cooper, supra, § 4478; *Parmelee Transportation Co.* v. *Keeshin*, 292 F.2d 794, 797 (7th Cir.), cert. denied, 368 U.S. 944, 82 S. Ct. 376, 7 L. Ed. 2d 340 (1961)." (Citations omitted; internal quotation marks omitted.) *Breen* v. *Phelps*, 186 Conn. 86, 98–100, 439 A.2d 1066 (1982).

"Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience. *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 305–306, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990); see *Stamford Ridgeway Associates* v. *Board of Representatives*, 214 Conn. 407, 439, 572 A.2d 951 (1990); *Sturman* v. *Socha*, 191 Conn. 1, 6, 463 A.2d 527 (1983); *Standard Mattress Co.* v. *Hartford*, 31 Conn. Sup. 279, 288, 329 A.2d 613 (1974), citing *Shields* v. *Barrow*, 58 U.S. (17 How.) 130, 139, 15 L. Ed. 158 (1855)." (Internal quotation marks omitted.) *Hilton* v. *New Haven*, 233 Conn. 701, 722, 661 A.2d 973 (1995). "Thus, our threshold consideration is whether the plaintiff complied with the notice requirement of Practice Book § 390 (d) [now § 17-55 (4)][5] so that the trial court

---

[5] Practice Book § 17-55 provides in relevant part: "The judicial authority will not render declaratory judgments upon the complaint of any person . . . (4) until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

had jurisdiction over this action." *Kohn* v. *Wilton*, 42 Conn. App. 13, 16, 677 A.2d 985 (1996).

"Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . Lack of subject matter jurisdiction may be raised at any time. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citation omitted; internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 572, 706 A.2d 989, cert. denied, 244 Conn 913, 713 A.2d 830 (1998).

We conclude that because the defendant's motion to strike for failure to join indispensable parties necessarily implicates the jurisdiction of the court, the judge trial referee was bound to consider the motion independently rather than relying on the law of the case.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.