[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO STRIKE
Presently before the court are the defendants' motions to strike the plaintiff's third amended revised complaint ("present complaint").[1] This is the third motion to strike that has been filed by the defendants in this action. The previous two motions to strike were granted by the court for reasons that will be discussed below. See ATC Partnership v. Town of Windham, Superior Court, judicial district of New Haven at Meriden, Docket No. 248230 (May 20, 1998, Dunnell, J.); ATC Partnership v. Town ofWindham, Superior Court, judicial district of New Haven at Meriden, Docket No. 248230 (April 24, 1996, Silbert, J.).
In the first count of the present complaint, the plaintiff seeks damages pursuant to 42 U.S.C. § 1983,[2] as a result of the defendants' alleged deprivation of the plaintiff's right to substantive due process under the fourteenth amendment to the United States Constitution.[3] In the second count, the plaintiff seeks damages as a result of the defendants' alleged deprivation of the plaintiff's right to substantive due process apparently under Article first, 8, of the state constitution.[4]
As alleged in the currently operative complaint, the factual background of this action is as follows, with inferences drawn in favor of the plaintiff. The plaintiff, ATC Partnership, was the owner of real property located in Windham, Connecticut, commonly known as the American Thread Complex (Complex). Included within the Complex was extensive personal property owned by the plaintiff. The defendants include among others, the Town of Windham (Windham); individually named selectpersons of Windham; the Northeast Connecticut Economic Alliance, Inc. (NEA); individually named officers and directors of NEA; Linda Theriault, Windham's tax collector; Milton King, Windham Chief of Police; and Paul DeCadi, Lieutenant of the Windham police department.
On August 12, 1994, Windham, acting through the NEA, condemned the plaintiff's real property. Prior to the condemnation, Windham and the NEA had negotiated with the plaintiff as joint venture partners in an effort to pursue the economic development of the property. The plaintiff alleges that at all times it negotiated with the defendants in good faith. Despite this effort, however, the plaintiff alleges that the defendants "plotted, planned and conspired to usurp" the economic development project from the plaintiff. (Pl.'s 3rd A. Rev. Cmplt ¶ 12.) Moreover, the plaintiff claims that the defendants' CT Page 900 conspired to usurp not only the economic development of the real property of the Complex, but also the plaintiff's personal property located on the real property. Finally, the plaintiff alleges that the defendants sought to confiscate the plaintiff's property "by whatever means were expedient to accomplish said purpose." (Pl.'s 3rd A. Rev. Cmplt ¶ 12.)
Specifically, as evidence of the defendants' alleged failure to negotiate in good faith with the plaintiff, the present complaint alleges that the defendants presented the plaintiff with an ultimatum regarding the Complex: Either agree to a settlement of $250,000.00 for all claims related to both the real and personal property of the Complex, or the Town of Windham would condemn the property and award the plaintiff one dollar in compensation. Additionally, the plaintiff alleges that defendants conspired to cause the Windham tax collector to artificially and improperly attempt to levy taxes on the plaintiff's personal property, and to issue the plaintiff an illegal tax warrant (¶ 18). Finally, the plaintiff alleges that the defendants utilized the Windham police department "to intimidate" the plaintiff from exercising its legal rights over its real and personal property by posting officers at the Complex and precluding the plaintiff from access to the property. (Pl.'s 3rd A. Rev. Cmplt ¶ 19.)
The plaintiff commenced this action for damages on the ground that the governmental defendants' allegedly arbitrary and oppressive conduct in condemning the plaintiff's property violated the plaintiff's right to substantive due process of law under both the fourteenth amendment to the federal Constitution, as well as Article first, § 8, of the state Constitution.
 DISCUSSION
The defendants argue in support of their motion to strike the first count of the present complaint that the same defect that rendered the two previous complaints legally insufficient also renders this count insufficient. Specifically, the defendants argue that the plaintiff's failure to exhaust its available state remedies with respect to its substantive due process claims renders the present complaint unripe for adjudication.
The defendants argue in support of their motion to strike the second count of the plaintiff's complaint that the due process clause, Article first, § 8, of the state constitution does CT Page 901 not provide for a direct cause of action for damages. Therefore, the plaintiffs second count fails to state a claim upon which relief may be granted. Alternatively, the defendants claim that the second count of the present complaint is time barred by General Statutes § 52-577.
The plaintiff argues in opposition to the defendants' motion to strike that the present complaint does not suffer from the same defect of the prior two stricken complaints. Specifically, the plaintiff claims that, unlike the two prior complaints which sought damages as a result of the defendants' failure to pay just compensation for their taking of the plaintiff's property in violation of the takings/due process clauses, the present complaint seeks damages as a result of the defendants' conduct in condemning the plaintiff's property. Thus, the defendants' reliance on the court's earlier rulings is misplaced.
With respect to the second count of the present complaint, the plaintiff argues that the due process clause, Article first, § 8 of the state constitution does provide for direct actions for damages under appropriate circumstances. Additionally, the plaintiff argues that General Statutes § 52-577 does not bar the second count of the present complaint, because the second count relates back to the first count, and, therefore, it is not time barred.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted: internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Knight v. F. L. Roberts Co., Conn. 466, 471,696 A.2d 1249 (1997). In reviewing a motion to strike, the court construes the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp. , supra,231 Conn. 384. CT Page 902
 I. COUNT ONE
Count one of the plaintiff's present complaint seeks damages pursuant to 42 U.S.C. § 1983, as a result of the defendants' alleged deprivation of the plaintiff's right to substantive due process under the fourteenth amendment to the federal Constitution.[5] Before I address the merits of this claim, however, some additional background may be useful.
On March 15, 1995, the plaintiff initially commenced this action against the defendants for damages pursuant to 42 U.S.C. § 1983, claiming that the defendants condemned the plaintiff's property without just compensation. The court,Silbert, J., in reliance on Williamson Planning Commission v.Hamilton Bank, 473 U.S. 172, 195, 105 S.Ct. 3108,87 L.Ed.2d 126 (1985), struck the plaintiff's complaint on the ground that it was not ripe for adjudication under the takings clause, as the plaintiff had not yet exhausted its available state remedies with regard to its taking without just compensation claim. Without pursuing claims in the state court system, the plaintiff cannot prove that it was denied property without due process, because the state court proceedings are part of the process. ATCPartnership v. Town of Windham, Superior Court, judicial district of New Haven at Meriden, Docket No. 248230 (April 24, 1996, Silbert, J.).
Thereafter, on June 20, 1996, the plaintiff filed an "amended revised complaint," in which the plaintiff attempted to cure the defect of the previously stricken complaint; it asserted in a motion to reargue that a substantive due process claim had been pleaded. After some skirmishing, a "second amended revised complaint" was filed on January 13, 1997. This complaint was very similar to the first count of the instant complaint, and the plaintiff argued before Judge Dunnell that the claim was not barred by Williamson because it stated a substantive due process claim rather than a just takings claim. The defendants then filed a motion to strike the "second amended revised complaint" on the same grounds relied upon in their previous motion to strike. In ruling that the plaintiff's attempt to transform the complaint to a substantive due process claim was not successful, the court,Dunnell, J., held that "[d]espite plaintiff's efforts to paint a different picture than that of the original complaint, the essential action is unaltered — one count claiming an unconstitutional `taking' of property without just compensation. As such, the Williamson doctrine is fully applicable." ATCCT Page 903Partnership v. Town of Windham, Superior Court, judicial district of New Haven at New Haven, Docket No. 248230 (May 20, 1998, Dunnell, J.).
Nonetheless, the plaintiff has once again amended its complaint in an effort to state a legally sufficient claim for damages. The present complaint, like the complaint stricken by Judge Dunnell, seeks damages as a result of the defendants' alleged oppressive and arbitrary conduct in condemning the plaintiff's property. Although it is true that there are some minor additions, and the present complaint specifically states that it is brought as a substantive due process claim, it nonetheless would certainly appear at first glance to be barred by the "law of the case" doctrine. In light of admonitions not to apply the "law of the case" mechanistically, however; see, e.g.,Westbrook v. Savin Rock Condominiums Assn., Inc.,50 Conn. App. 236, 239-41 (1998); I will revisit the issue. The present complaint also contains a second count, brought pursuant to the Connecticut Constitution.
As indicated above, the plaintiff's prior two complaints were stricken by the court because they were not ripe for adjudication under the Williamson doctrine. As summarized by the First Circuit, Williamson Planning Commission v. Hamilton Bank, supra, involved "a suit by a developer whose plans for developing a particular tract of land had been blocked by a change in the local zoning laws. The suit was brought on the basis of both the just compensation clause and the due process clause. The Supreme Court held that a regulatory taking claim invoking either of the two clauses was unripe until the governmental entity charged with implementing the regulations had reached a final decision regarding the application of the regulations to the property at issue." Smithfield Concerned Citizens v. Town of Smithfield,907 F.2d 239, 241 (1st Cir. 1990). Particularly, the Supreme Court stated that "if a state provides an adequate procedure for seeking just compensation, a property owner cannot claim a violation of the just compensation clause until he has used the procedure and has been denied just compensation." Williamson, supra, 195.
The plaintiff apparently concedes that the court in this action, in reliance upon the aforementioned language inWilliamson Planning Commission v. Hamilton Bank, supra, properly determined that to the extent the plaintiff is seeking damages as a result of the defendants' alleged failure to pay the plaintiff CT Page 904 just compensation for the taking, its claim is not ripe for adjudication. The court found that pursuant to General Statutes § 8-132,[6] an aggrieved property owner who claims that a governmental entity has taken his or her property without just compensation can appeal the taking and the amount of compensation awarded. Therefore, the plaintiff may not pursue an independent claim for damages as a result of the defendants' alleged failure to pay just compensation before it exhausted the state procedures available to settle that precise issue.
The plaintiff now claims not to be seeking damages to remedy the defendants' failure to pay just compensation for the taking of the plaintiff's property. Rather, the plaintiff claims to seek damages as a result of the defendants' alleged abusive and oppressive conduct in taking the plaintiff's property. Specifically, the plaintiff argues in its brief that "while takings/unjust compensation and procedural due process focus on the procedures used by the government in effecting a deprivation of property and the compensation paid for the property, a substantive due process claim alleges not that the government's procedures or (compensation) are deficient but that the government's conduct itself is inherently impermissible, regardless of any remedial procedures available to the plaintiff." (Pl.'s Mem. Opp. p. 11-12.)
The United States Supreme Court has stated that the "touchstone of due process is protection of the individual against arbitrary action of government, . . . whether the fault lies in a denial of fundamental procedural fairness, . . . or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. . . ." (Citations omitted; internal quotation marks omitted.) County of Sacramentov. Lewis, ___ U.S. ___, 118 S.Ct. 1708, ___ L.Ed.2d ___ (1998);Wolff v. McDonnell, 418 U.S 539, 558, 94 S.Ct. 2963,41 L.Ed.2d 935 (1974); Daniels v. Williams, 474 U.S. 327,106 S.Ct. 662, 88 L.Ed.2d 662 (1986) the substantive due process guarantee protects against governmental power arbitrarily and oppressively exercised)."The principal and true meaning of [due process] has never been more tersely or accurately stated than by Mr. Justice Johnson in Bank of Columbia v. Oakley, 4 Wheat 235-244 [(1819)]: `As to the words from Magna Carta, incorporated into the Constitution of Maryland, after volumes spoken and written with a view to their exposition, the good sense of mankind has at least settled down to this: that they were intended to secure the individual from the arbitrary exercise of CT Page 905 the powers of government, unrestrained by the established principles of private right and distributive justice.'" Hurtadov. California, 110 U.S. 516, 527, 4 S.Ct. 111, 28 L.Ed. 232
(1884); Collins v. Harker Heights, 503 U.S. 115, 112 S.Ct. 1061,117 L.Ed.2d 261 (1992). Thus in some circumstances arbitrary and oppressive governmental conduct itself may give rise to a claim for damages pursuant to 42 U.S.C. § 1983.
Yet a substantive due process claim for damages as a result of egregious governmental conduct does not simply stand on its own by virtue of the improper conduct itself, but the conduct must be related to some fundamental right of the claimant. "The first step of our analysis . . . must be a `careful description' of the right asserted. . . . [I]t is not the [governmental conduct] itself which is the `deprivation.' Rather, it is that combined with the [s]tate's affirmative act of restraining the individual's freedom to act on his own behalf . . . or other similar restraint of personal liberty." County of Sacramento v.Lewis, supra, ___ U.S. ___ 118 S.Ct. 1708 (Scalia, J., concurring) (fundamental right to life underlying claim for damages based upon arbitrary and oppressive conduct in violation or substantive due process).
The claim that government conduct is arbitrary and capricious, and therefore suspect as a violation of substantive due process, does not end the inquiry, however. Virtually any governmental activity can be found to be offensive to some, and the United States Supreme Court has many times expressed a disinclination to convert all claims to federal constitutional issues. For example, in County of Sacramento v. Lewis, supra, the court stated (at 14) that "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." The pleading in this case does not state a violation of substantive due process for two related reasons.
First, it has repeatedly been held that where "a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Graham v.Connor, 490 U.S. 386, 395 (1989); see also Albright v. Oliver,510 U.S. 266, 273, 276, 288 (1994) (all claims arising from the use of force in the course of police seizures to be analyzed under the Fourth Amendment rather than the vague notions of CT Page 906 substantive due process). As noted by Judge Dunnell, this case is, in its essence, a claim based on a taking of property, and is, therefore, to be judged on the takings clause. Although the method is alleged to be particularly egregious[7], it is still a part of a condemnation procedure. In this context, it may be important to recognize that in Williamson itself the Supreme Court held that the claims were premature whether brought under the takings clause or under a claim of a violation of substantive due process. Williamson, supra at 185.
The second ground for granting the motion to strike was not specifically addressed by the previous rulings. As suggested above, courts have been wary of expanding the concept of substantive due process, at least partly because it is a generally subjective standard that, at least at the stage of allegations, could run the gamut of tort law. "[O]nly the most egregious conduct can be said to be `arbitrary in the constitutional sense,' Collins v. Harker Heights,503 U.S., at 129."Lewis, supra, at 11. Substantive due process is violated by executive action only when it can properly be characterized as arbitrary or shocking in the constitutional sense. Collins v.Harker Heights, 503 U.S. 115, 128 (1992). Such conduct must violate the "decencies of civilized conduct." Rochin v.California, 342 U.S. 165, 172-73 (1952). See also Paul v. Davis,424 U.S. 693 (1976).
The Supreme Court has held, in contexts analogous to the instant case, that an intentional deprivation of property does not amount to a violation of substantive due process, at least where post-deprivation procedures are available. Hudson v.Palmer, 468 U.S. 517, 531, 533 (1984); Paul v. Davis, supra. As the government concededly has the power to engage in condemnation, and post-deprivation remedies are available, the conduct alleged would not appear to be conduct exceeding all bounds of civilized decency.
Case law does not help the plaintiff. In Villager Pond, Inc.v. Town of Darien, 56 F.3d 375 (2d Cir. 1995), the Second Circuit, qualifying in part its prior decision of SouthviewAssociates, Ltd. v. Bongartz, 980 F.2d 84 (2d Cir. 1992), held that state post-deprivation proceedings had to be attempted prior to asserting a claim under the just takings clause. In P.L.S.Partners v. Cranston, 696 F. Sup. 788, 795-96 (D.R.I. 1988), a ripe claim was stated because the governmental conduct affected another independent constitutionally protected right. In CT Page 907Nasierowski Brothers v. City of Sterling Heights, 949 F.2d 890,893-94 (6th Cir. 1991), the plaintiff's procedural due process rights were allegedly violated when he was denied notice and a hearing; thus the controversy was ripe because of the independently violated right. And in Smithfield ConcernedCitizens v. Town of Smithfield, 907 F.2d 239 (1st Cir. 1990), it was held that one attacking the facial validity of an ordinance need not, in the circumstances of that case, first seek state remedies. In short, none of the cases relied upon by the plaintiff suggest that a case which is, in substance, a takings case, need not undergo Williamson exhaustion.
The motion to strike the first count is granted, both because of the Williamson requirement and because the claim does not rise to a violation of substantive due process, especially in light of the availability of post-deprivation remedies.
 II. Count Two[8]
The defendants have moved to strike the plaintiff's second count of the present complaint on the ground that the Connecticut constitution does not provide for a direct cause of action for damages as a result of an alleged deprivation of substantive due process. See Kelley Property Development, Inc. v. Lebanon,226 Conn. 314, 627 A.2d 909 (1993). Therefore, the defendants argue that the plaintiff's second count of the present complaint fails to state a claim upon which relief may be granted.
The plaintiff, however, argues in opposition to the defendants' motion to strike that the Connecticut Supreme Court has stated recently that it possesses the authority to create a damages action under the state constitution and that a direct damages action in this case is appropriate. See Binette v. Sabo,244 Conn. 23 (1998).
I shall be mercifully brief in the discussion of the issue arising under the Connecticut Constitution. It is clear that the facts of this case are very roughly similar to those alleged inKelley Property Development, supra, and, as in Kelley PropertyDevelopment, the claim is made that there is, or ought to be, a private cause of action for the redress of a claim of a violation of due process. The Connecticut Supreme Court held that there was no such cause of action, partly because there already existed means of redress which may afford some, even if not all, of the relief sought.[9]
CT Page 908
In Binette v. Sabo, supra, our Supreme Court did create a private cause of action to redress a claimed violation of article first, §§ 7 and 9, of the Connecticut Constitution. These provisions concern, generally, searches and seizures, and the cause of action created is very much like the direct cause of action created by the United States Supreme Court in Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics,403 U.S. 388 (1971). Binette, however, repeatedly reaffirmed the validity of Kelley, which, like the instant case, involves a claim of a violation of due process in a property dispute with local officials. There can be little doubt that this case is controlled by Kelley rather than by Binette; the motion to strike the second count is, then, granted.
Beach, J.