[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Town of Thomaston moves to strike the first, second and third counts of the plaintiff's tax appeal. The grounds set forth for the filing of this motion are similar to the grounds for the defendant's motion to dismiss filed by the defendant on August 20, 1998 and denied by Judge Pickett by decision of December 22, 1998. The defendant claims, however, that by virtue of the decision of the Appellate Court inWestbrook v. Savin Rock Condominiums Association, Inc.50 Conn. App. 236 (1998), a party may raise the same jurisdictional challenge again, or time and again, without preclusion by a prior adverse ruling.
If this be the case, yet this court does find that the determination of Judge Pickett was correct, and that the court does have jurisdiction over this tax appeal.
The plaintiff's Mountaindale Condominium Association, Inc., on behalf of its 135 condominium units, attempted to appeal to the Board of Assessment Appeals from the doings of the Assessor in assessing the 135 condominium units. The Assessor, from which the appeals forms must be procured, refused to accept an appeal form from the plaintiff, on the basis that each unit owner must himself appeal, or least specifically individually authorize the piaintiff to take the appeal.
The Board of Directors of Mountaindale Condominiums, by its minutes, had held a meeting on Monday, March 9, 1998, at which the Board unanimously voted to have Mr. Richard Newell represent all of the unit owners who sent in tax appeals at the hearing scheduled at Town Hall. Reacting to the refusal of the assessor to accept the representation for all of the unit owners, the plaintiff was able to gather the signature of fifty-seven unit owners in time to file the appeal.
The defendant's motion to strike fails for at least two reasons: First, General Statute 12-111 allows appeals to be taken by signature of the "duly authorized agent of the property owner." The Board in this town appears to make it a condition precedent that in order to file the appeal it requires a "notarized statement from the owner that you are authorized to CT Page 2082 represent the owner's interest." The General Statutes, 12-111 do not contain that requirement. This court cannot determine by what authority the local board can impose such a requirement as a condition for the taking of a statutory appeal under General Statute 12-111.
Second, General Statutes 47-244(a)(4) provides that the Association may "Institute, defend or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community." General Statutes 47-221 define what part of the walls are parts of the unit, and what parts are parts of the common elements. It is this latter component of all of the common walls, "lack of adequate fire separation walls", causing a serious threat to public health, welfare and safety which causes these condominiums to allegedly be uninhabitable.
It is difficult to conceive that a problem of this magnitude affecting all 135 units must or should be litigated individually rather than under the auspices of the association. This court determines that the Association does have standing to bring this action under C.G.S. 12-117a: For the same reason the court determines that the Association has standing to bring this action under C.G.S. 12-119. The court further determines that the complaint may be amended to include subsequent years for C.G.S.12-119 claims. This has been allowed by trial courts in the past, and precludes the prospect of conflicting results for successive years where the theory of taxation remains the same.
The court denies the motion to strike the second count. As set froth herein the ability of the property owners to appeal through the Association was thwarted by the Board itself; which is impermissible as a matter of law
The motion to strike is denied as to all counts.
L. Paul Sullivan, J