[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an appeal of the approval by the defendant, Plan and Zoning Commission of the Town of Glastonbury ("Commission"), of a residential subdivision in the Town of Glastonbury. The plaintiff, Animal Rights Front, Inc., alleges that after the defendant, Rejean Realty, Inc. ("Rejean"), applied on October 10, 2000 to the Commission for approval of the proposed subdivision, it submitted verified petitions of intervention on November 1, 2000 to the Commission pursuant to General Statutes §22a-19 of the Environmental Protection Act. General Statutes § 22a-19
provides in relevant part:
 "(a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or CT Page 15706 other natural resources of the state. . . ."
A public hearing was held on the application on February 6, 2001 which was subsequently approved on March 20, 2001 with notice of the decision reported by the Commission on March 22, 2001.
On April 5, 2001, the plaintiff filed this appeal, alleging, inter alia, that the Commission's approval of Rejean's subdivision application was "illegal, invalid and/or void" for several reasons, each of which the plaintiff set out in individual subparagraphs of paragraph 14 of the appeal. On June 20, 2001, the defendants filed a joint motion to strike paragraphs 14(a), (b), (c), (d), (g), (h) and (i) on the ground that said paragraphs raised nonenvironmental issues and that the plaintiff, as an intervenor pursuant to § 29a-19, lacked standing to raise such issues.
A hearing was held on the defendants' motion to strike on July 30, 2001, at which time the court requested that the plaintiff amend paragraph 14 so as to narrow and clarify the allegations contained therein. On August 1, 2001, the plaintiff, pursuant to the court's request, submitted an "amended" paragraph 14 contained in its memorandum of law. The new paragraph deleted subparagraphs (g), (h) and (i), which the defendants had moved to strike, while clarifying through additional language the allegations contained in subparagraphs (a), (b), (c) and (d). Although a formal amendment has not been submitted or approved, the court with the consent of the defendants, will consider the motion to strike as addressed to paragraph 14.
 I.
The defendants assert a single ground for granting their motion to strike. Specifically, they claim that the plaintiff, as an intervenor under § 29a-19, lacks standing to raise nonenvironmental issues. Standing implicates a court's subject matter jurisdiction, which may be raised at any point in the judicial proceedings. Stamford Hospital v.Vega, 235 Conn. 646, 656, 674 A.2d 821 (1996). A motion to strike, however, is not the proper vehicle for challenging the court's jurisdiction; the proper motion being a motion to dismiss. Practice Book § 10-30. Since jurisdiction involves the power in a court to hear and determine the cause of action presented to it, whenever the absence of jurisdiction is brought to the notice of the court, cognizance of the claim must be taken and decided before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.Westbrook v. Savin Rock Condominiums Assn., Inc., 50 Conn. App. 236,242, 717 A.2d 789 (1998). Accordingly, the defendants' motion to strike in the present action will be treated as a motion to dismiss because of CT Page 15707 lack of jurisdiction.
 II.
Paragraph 14(a) of the plaintiff's appeal alleges that the Commission's approval of the Rejean subdivision application is invalid because the Commission failed to provide adequate notice of the hearings, which in turn precluded the plaintiff from submitting relevant evidence regarding the proposed subdivision's impact on the timber rattlesnake. The defendants argue that the plaintiff's status as a §22a-19 intervenor in this case limits the plaintiff to raising only the environmental issues associated with the Commission's decision. The defendants' argument is not without merit. See Mystic MarinelifeAquarium, Inc. v. Gill, 175 Conn. 483, 490, 400 A.2d 726 (1978) (holding § 22a-19 intervenor has statutory standing to appeal for limited purpose of raising environmental issues). In Grimes v. ConservationCommission, 243 Conn. 266, 273-74, 703 A.2d 101 (1997), however, our Supreme Court stated: "The only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the fundamentals of natural justice. . . . Fundamentals of natural justice require that there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary. . . . In BranhavenPlaza, L.L.C. v. Inland Wetlands Commission, 251 Conn. 269, 276, n. 9,740 A.2d 847 (1999), the Supreme Court also stated: "Section 22a-19 (a) allows any person to intervene so that private citizens are provided a voice in ensuring that the natural resources of the state remain protected." The voice provided individuals under § 22a-19 would be rendered mute and the statute essentially meaningless if an administrative body could dispense with the fundamental requirement of due notice to one who has properly intervened pursuant to the section. In zoning planning and inland wetland statutes, compliance with the statutory requirement as to notice of a public hearing is a prerequisite to valid action by the agency, and failure to comply with the notice requirements is a jurisdictional defect. R. Fuller, 9a Connecticut Practice Series: Land Use Law and Practice (1999) § 46.1, pp. 411-12. The defendants' motion to strike or dismiss paragraph 14(a) of the plaintiff's appeal is denied.
 III.
The allegations contained in paragraphs 14(b), (c) and (d) go to the essence of the plaintiff's environmental claims in this appeal. Specifically, they challenge the validity of the Commission's approval of the Rejean subdivision in light of the evidence presented at hearing regarding the impact of the proposed subdivision on the timber CT Page 15708 rattlesnake, its habitat and on the environment as a whole. The defendants' motion to dismiss the revised paragraphs 14(b), (c) and (d) for lack of jurisdicstion is denied.
Plaintiff is ordered to formalize the amended paragraph 14 by a formal filing of an amendment.
Motion to strike is DENIED.
Wagner, JTR