[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The present motion to strike is the third motion to strike counts three and four of the plaintiff's complaint. The first motion to strike was granted by the court, Melville, J., by memorandum of decision, and the plaintiff filed an amended complaint. The second motion to strike was also granted by the court, Melville, J., and the plaintiff filed a second amended complaint on April 9, 1999. The defendant filed this motion to strike on April 20, 1999, alleging that the plaintiff has yet to state a claim upon which relief can be granted.
The following facts are alleged in the second amended complaint. The plaintiff, Ana Martins, began employment as a "Dietary Aide" with the defendant, Bridgeport Hospital, on January 21, 1991. Starting in 1991, the plaintiff was subjected to serious verbal and physical attacks while at work, about which the defendant knew or should have known. As a result of this work environment, the plaintiff sought a transfer to another department. The plaintiff subsequently started work as a "Business Associate" in the emergency room. The defendant promised the plaintiff the necessary training for this new position, but the plaintiff never received it.
The plaintiff was told that she was not learning fast enough in the new position, that she lacked job skills, and was not performing according to company standards. On October 3, 1995, CT Page 13733 the plaintiff reported to work and was told by a supervisor not to punch in or out but to go home. The defendant offered the plaintiff the opportunity to take a test for another position. When the plaintiff passed the test, the defendant did not offer her the position on the grounds that it involved duties too similar to the Business Associate position. On March 1, 1996, the plaintiff was terminated from employment with the defendant. This termination was done in the presence of others and was not done according to company policy.
The plaintiff claims wrongful termination, breach of an implied covenant of good faith and fair dealing, intentional infliction of emotional distress and negligent infliction of emotional distress. The claims for intentional and negligent infliction of emotional distress are contained in counts three and four, respectively. Counts three and four were previously stricken by the court and are the subject of the present motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp. , 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendant first argues that the third and fourth counts of the second amended complaint are not materially different from the third and fourth counts of the first amended complaint, which was previously stricken by the court. "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Internal quotation marks omitted.) Carothers v. Capozziello, 215 Conn. 82,107, 574 A.2d 1268 (1990); Westbrook v. Savin Rock CondominiumsAssn., Inc., 50 Conn. App. 236, 241, 717 A.2d 789 (1998). However, "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had made the original decision." (Internal quotation marks omitted.) Texaco, Inc. v. Golart,206 Conn. 454, 458, 538 A.2d 1017 (1988).[1]
CT Page 13734
 I. Count Three — Intentional Infliction of Emotional Distress
The defendant moves to strike count three because the claims do not rise to the level of egregious behavior necessary to sustain a claim for intentional infliction of emotional distress. To plead a cause of action of intentional infliction of emotional distress, the plaintiff must allege the following: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." DeLaurentis v. New Haven, 220 Conn. 225,266-67, 597 A.2d 807 (1991). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . Thus, it is the intent to cause injury that is the gravamen of the tort. . . ." (Internal quotation marks omitted.) Id., 267. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) Finucane v. Dandio, Superior Court, judicial district of New Haven at New Haven, Docket No. 366182 (May 17, 1999, Levin, J.).
Here, the plaintiff has alleged that the defendant knew or should have known that she was subject to verbal and physical attacks by a co-worker. The plaintiff also alleges that she was told that she was not learning fast enough, lacked job skills, and was not performing according to company standards. Also according to the plaintiff, her termination was humiliating and not done according to company standards. These alleged actions, while potentially causing hurt feelings, do not constitute such outrageous behavior that civilized society cannot tolerate them. Accordingly, the plaintiff does not state a claim for intentional infliction of emotional distress.
 II. Count Four — Negligent Infliction of Emotional Distress
In support of its negligent infliction of emotional distress claim, the plaintiff alleges that "[t]he defendant's actions as hereinbefore described were performed in the presence of other employees and/or persons and subjected the Plaintiff to public CT Page 13735 humiliation and ridicule." (Amended Complaint, ¶ 31.)
To state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 88, 700 A.2d 66 (1997). "The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Internal quotation marks omitted.) Id., 89. "Rather, a complaint must allege more, for instance, that the actual termination was done in an inconsiderate, humiliating, or embarrassing manner." (Internal quotation marks omitted.) Skierkowski v. CreativeGraphics Services, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463242 (May 5, 1995, Handy, J.).
Here, the plaintiff has alleged that the termination was done in front of other people and that the plaintiff suffered embarrassment as a result. Accordingly, the plaintiff has alleged sufficient additional facts to warrant a finding that the plaintiff suffered emotional distress in the termination process. See Skierkowski v. Creative Graphics Services, Inc., supra, Docket No. 463242 (the plaintiff alleged sufficient facts to state a claim for negligent infliction of emotional distress where the plaintiff alleged that the defendant fired her in the presence of two other people)
The plaintiff also alleges that the conduct of the defendant during her term of employment caused her to suffer emotional distress. Kilduff v. Adams, Inc., 219 Conn. 314, 325,593 A.2d 478 (1991). The standard applied in negligent infliction of emotional distress claims does not require the plaintiff to allege that the defendant employer's conduct occurred during the termination process. Appleton v. Board of Education,53 Conn. App. 252, 265-66, ___ A.2d ___ (1999), cert. granted,249 Conn. 927, ___ A.2d ___ (1999).
Here, the plaintiff alleges that the defendant knew or should have known that the plaintiff was being verbally and physically attacked during her employment by a co-worker, and that the defendant failed to take reasonable action to prevent the attacks. Accordingly, the plaintiff has alleged sufficient facts CT Page 13736 to state a claim for negligent infliction of emotional distress. See Karanda v. Pratt Whitney Aircraft, Superior Court, judicial district of Hartford at Hartford, Docket No. 582025 (May 10, 1999, Hale, J.) (24 Conn. L. Rptr. 521, 523-25) (where the plaintiff alleged that the defendant employer failed to take reasonable action to prevent harassment by another employee, the plaintiff adequately stated a claim for negligent infliction of emotional distress)
For the foregoing reasons, the defendant's motion is granted as to count three and denied as to count four.
Nadeau, J.