[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION, RE: SUBJECT MATTER JURISDICTION
For the reasons stated herein, this Court finds that it is without subject matter jurisdiction to hear this matter and therefore dismisses it.
Subsequent to the plaintiffs amending their prayer for relief and claiming their Motion for Summary Judgment for argument, the Court raised the issue as to whether it had subject matter jurisdiction in this matter. The Court requested that the parties address the issues that it raised in its memorandum of decision by January 31, 2002.[1]
The plaintiff Edgewood Village, Inc., is a non-stock, non-profit corporation organized pursuant to Chapter 600 of the Connecticut General Statutes and is the owner of real property located at 139 West Avenue in the City of New Haven.
The plaintiff Edgewood Neighborhood Association, Inc., is a Connecticut non-stock, non-profit corporation established for the purposes of the preserving and advancing the common good of residents and owners of property in the Edgewood neighborhood, bounded by West Park Avenue, Whalley Avenue, Winthrop and Chapel Street, which neighborhood contains the real property referred to above.
The defendant Housing Authority of the City of New Haven (hereinafter "HANH") is a body corporate and politic existing under the provisions of CT Page 5018 § 8-40 of the Connecticut General Statutes.
The defendant Gracie White is a tenant of HANH and resides at 145 West Park Avenue, the property that is the subject of this action.
 Pursuant to § 8-40 C.G.S., the defendant HANH is authorized, in part, to purchase or acquire real and personal property for use as a proposed "housing project" as that term is defined in § 8-39 (i) C.G.S.
Section 8-44 (d) of the Connecticut General Statutes provides that in addition to the powers granted by other sections of the Connecticut General Statutes, a Housing Authority shall have the power to:
 . . . [D]emise any dwellings, houses, accommodations, lands, buildings, structures or facilities embraced in any housing project and, subject to the limitations contained in this chapter, to establish and revise the rents or charges therefor; to own, hold and improve real or personal property; to purchase, lease, obtain options upon or acquire, by gift, grant, bequest, devise or otherwise, any real or personal property or any interest therein, provided no real property or interest therein shall be acquired for the site of a proposed housing project until the housing authority has held a public hearing concerning such site, notice of which has been published in the form of a legal advertisement in a newspaper having a substantial circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen nor less than ten days, and the last not less than two days, before such hearing; to insure or provide for the insurance of any real or personal property or operations of the authority against any risks or hazards; to procure insurance or guarantees from the federal government of the payment of any debts or parts thereof, whether or not incurred by such authority, secured by mortgages on any property included in any of its housing projects. (emphasis added)
Prior to March 1, 1997, the defendant HANH decided to acquire a parcel of real property located at 145 West Park Avenue in the City of New Haven. The property is a single family home located adjacent to the property owned by the plaintiff Edgewood Village, Inc. HANH intended to CT Page 5019 use said property as a "scattered site" housing project.
On March 1, 1997 and March 8, 1997, the defendant HANH published notices of a public hearing for March 11, 1997 regarding its potential acquisition of two properties, 63 Fulton Street and 145 West Park Avenue (the subject property). Said notices gave notice that pursuant to §8-44 C.G.S., HANH was going to hold a public hearing on March 11, 1997. The subject of the proposed hearing was the acquisition of the subject property as well as the Fulton Street property.
The plaintiffs in the instant action assert that the defendant HANH did not comply with the provisions of § 8-44 C.G.S. when they published their notices concerning acquisition of the property located at 145 West Park Avenue, New Haven, CT. Specifically the plaintiffs assert that the notices published by HANH did not meet the time requirements specified in subsection 8-44 (d) C.G.S., which provides in pertinent part that:
 . . . [N]o real property or interest therein shall be acquired for the site of a proposed housing project until the housing authority has held a public hearing concerning such site, notice of which has been published in the form of a legal advertisement in a newspaper having a substantial circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen nor less than ten days, and the last not less than two days, before such hearing . . . (emphasis added)
As a remedy for the alleged violation of § 8-44 C.G.S., the plaintiffs, pray for the following relief:
 1. That the Superior Court enter an Order declaring the defendant Housing Authority of the City of New Haven's acquisition of 145 West Park Avenue void abinito because the Housing Authority lacked jurisdiction to take any action to acquire 145 West Park Avenue on March 11, 1997 and furthermore pursuant to 42 U.S.C. § 1437 p. et seq. and the regulations adopted thereunder Order the Housing Authority to dispose of the property to the plaintiff Edgewood Village, Inc. as a non-profit organization.[2]
 2. That the plaintiffs be allowed to tax its costs as provided by statute.
After the Court notified the parties of its concern about whether or CT Page 5020 not it had subject matter jurisdiction to give the plaintiffs the redress sought, the plaintiffs have attempted to revise their complaint in a manner that it felt would resolve the issues raised by the Court. However the plaintiff cannot cure the apparent defect in its complaint in this manner:
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Blakeney v. Commissioner of Correction, 47 Conn. App. 568, 572,
 Pinchbeck v. Dept. of Public Health, Supra at 207 (2001).
It is noted that the plaintiffs' attempted to make the aforementioned amendment even after being put on notice that the Court has raised the issue of subject matter jurisdiction and had notified the parties that that it could not "move one step further" until the issue was resolved.
As was mentioned by this Court in its Memorandum Re: Summary Judgment the issue of standing was previously raised and addressed earlier by a coordinate judge of the superior court. However, the judges who previously presided over this matter did not have the version of the Complaint that was before this Court.
The relief that the plaintiffs requested in their Second Amended Complaint brought the issue of standing to this Court's attention. Plaintiffs do not request declaratory relief as to whether the hearing was properly held or whether the issues discussed at the hearing were properly before HANH, or even if the decision to acquire the subject property was valid or void abinitio.[3] Instead the plaintiffs demand that the court order the defendant HANH to "dispose of the property to the plaintiff Edgewood Village, Inc. as a non-profit organization." It is in the Second Amended Complaint that this type of relief appeared in this matter for the first time. This relief was not requested in the original complaint, the amended complaint or in the related matter that was dismissed and cited in the court's memorandum Re: Motion to Dismiss #125. Edgewood Village v. Housing Authority of New Haven, CV 97-0402408 (Sullivan, J). It therefore could not have been a part of the considerations of the court in its review of the issue of the plaintiffs' standing before this time.
CT Page 5021 . . . "It is a basic principle of our law . . . that the [plaintiff] must have standing in order for a court to have jurisdiction to render a declaratory judgment." (Internal quotation marks omitted.) Connecticut Assn. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743 (1986). "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Thus, standing does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." (Internal quotation marks omitted.) Lewis v. Swan, 49 Conn. App. 669, 675, 716 A.2d 127 (1998); see also Gay Lesbian Law Students Assn. v. Board of Trustees, 236 Conn. 453, 463, 673 A.2d 484 (1996).
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. Supra at 205 (2001).
This Court is greatly concerned about raising an issue that was previously addressed by a coordinate judge of the Superior Court. However, it cannot ignore the fact that a fundamental change was made in the Complaint and this change brought the issue of subject matter jurisdiction directly to the Court's attention. As was previously stated the coordinate judge of the Court did not have the same prayer for relief that is now before this Court.
The plaintiff in response to the Court's request for memorandum and supporting documentation, cite the law of the case doctrine as a reason that this Court should not address the issue of subject matter jurisdiction, but as stated previously in its Memorandum Re:
Summary Judgment:
 [Our appellate court] has held that when the jurisdiction of the trial court is implicated, an adjudicator is not bound by the law of the case doctrine, but should consider independently the issue of jurisdiction. CT Page 5022
 Westbrook v. Savin Rock Condominiums Assn., Inc., 50 Conn. App. 236, 240, 717 A.2d 789 (1998).
This court is concerned with the issue as whether the plaintiffs have standing to bring an action for the violation of the notice provisions of § 8-44 of the Connecticut General Statutes.
 . . . "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Citation omitted; internal quotation marks omitted.) Steeneck v. University of Bridgeport, supra, 235 Conn. 579. "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Pomazi v. Conservation Commission, 220 Conn. 476, 483, 600 A.2d 320 (1991).
 Avalonbay Communities, Inc. v. Town of Orange, 256 Conn. 557, 568 (2001).
Plaintiffs allege that the defendant HANH violated the notice provisions of § 8-44 of the Connecticut General Statutes. Neither this section of the statutes, nor any provision in Chapter 128 of the Connecticut General Statutes provides any authorization to bring a lawsuit for a violation of this section of the statutes.
As to the issue of "classical aggrievement:
 "The test for aggrievement long recognized [by the Connecticut Supreme Court] is set forth in [its] decision in State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 524 A.2d 636
CT Page 5023 (1987). There [it] stated that [t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, [supra, 193 Conn. 65]. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953). Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975
(1980). . . . [State Medical Society v. Board of Examiners in Podiatry, supra,] 299-300. The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 493, 400 A.2d 726 (1978). . . . United Cable Television Services Corp. v. Dept. of Public Utility Control, 235 Conn. 334, 342-43, 663 A.2d 1011
(1995).
 Northeast Parking v. P.Z. Com. of Windsor Locks, 47 Conn. App. 284,288 (1997).
 In determining whether a complaint is subject to dismissal for lack of jurisdiction, "a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 Pinchbeck v. Dept. of Public Health, Supra at 208.
Construing the allegations in a manner most favorable to the pleader in the instant action, the court finds that the only allegations concerning the plaintiffs' standing are found in paragraph 9 of the Second Amended Complaint. In this paragraph the plaintiffs assert that they: CT Page 5024
 . . . "[W]ere deprived of their due process of law and the opportunity afforded to them by statute to attend the public hearing and comment of the acquisition of the property."
The issues raised by the plaintiffs in their Second Amended Complaint concerning the opportunity to attend the public hearing and comment on the subject matter of the hearing go to the concerns of the general community at large and do not appear to demonstrate that the plaintiffs were affected by the violation of § 8-44 C.G.S., in a specific and personal manner. The fact that the subject matter of the notice dealt with a property that is in close proximity of the plaintiffs' real property also does not give the plaintiffs' standing. Unlike Chapter 124 of the Connecticut General Statutes wherein the state's legislature confers aggrievement status to individuals owning land located within a certain distance of the land that is the subject of the action (see § 8-8 (1) of the Connecticut General Statutes), this statute does not have this type of language and therefore it does not confer standing or aggrievement status on abutting property owners on the basis of the location of their residence or property.
The plaintiffs in this matter do not have standing to prosecute this action, the Court therefore does not have subject matter jurisdiction and the matter is therefore dismissed.
 ___________________ Richard A. Robinson, J April 23, 2002