### GEORGE SABROWSKI v. BEVERLY R. SABROWSKI
### (AC 26021)

Schaller, Gruendel and Stoughton, Js

Argued January 10—officially released May 30, 2006

*Martin M. Rutchik*, with whom, on the brief, was *Sharon Lee Gibbs*, for the appellant (defendant).

*Eric W. Callahan*, with whom, on the brief, was *Jeffrey W. Hill*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, Beverly R. Sabrowski, appeals from the judgment of the trial court modifying the award of alimony and medical expenses payable to her by the plaintiff, George Sabrowski. The defendant claims that the court improperly found that the plaintiff met his burden of establishing a substantial change in circumstances.[1] We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our decision. The marriage of the parties was dissolved by the court pursuant to a stipulated judgment on May 13, 1999. The plaintiff was ordered to pay the defendant alimony in the amount of $550 per week, terminating when the defendant either reached age

---

[1] The defendant also alleges that the court improperly assessed the circumstances of both parties pursuant to General Statutes §§ 46b-82 and 46b-86, modified the award of alimony, and modified the plaintiff's obligation to pay the defendant's unreimbursed medical bills and to maintain medical insurance on behalf of the defendant. In light of our conclusion that the plaintiff failed to meet his burden of establishing a substantial change in circumstances, we need not address those claims.

sixty-two, became eligible for medicare benefits, remarried or died. In addition, the plaintiff was ordered, as additional alimony, to maintain medical and dental coverage for the defendant and to pay 50 percent of her unreimbursed medical and dental expenses as long as he had a continuing obligation to pay alimony.

On July 23, 2004, the plaintiff filed a motion to modify alimony, stating that "[a]t the time of these orders, the [p]laintiff expected two sources of income: income from his principal place of employment as well as rental income that the business he owned would be paying to him," and alleging a substantial change in circumstances due to a business downturn and the resultant loss of the rental income. At the October 21, 2004 hearing on his motion, the plaintiff testified about his claims of a substantial change in his income. He testified that at the time of the hearing and for the prior ten years, he had been paying himself a salary of $600 per week as the sole officer of the funeral business he owned. He further testified that at the time of the divorce, he had been receiving an additional $24,000 per year in income derived from rent his funeral business paid to him as the owner of the building in which it operated, but that at the time of the modification hearing, that rent was no longer paid because the business had suffered a loss in revenue.

Following the hearing, the court granted the motion to modify, ruling as follows: "[W]hat the court needs to look at for a modification . . . in the alimony . . . would be a substantial change in circumstances. And in calculating the figures, his rental and income salary has decreased by . . . approximately 45 percent from 1999 to the present time. The court finds a substantial change in circumstances and is going to order the following modifications to the judgment: the judgment will be modified, the alimony will be reduced to $250 per week, which is a reduction of approximately 45 percent

in [the defendant's] current payment. The obligation to maintain health insurance will be limited to a total payment of $7500 per year. And the obligation to pay any unreimbursed medical expenses on behalf of the defendant will be capped at $1500 per year."[2] In finding a substantial change in circumstances, the court evidently credited the testimony of the plaintiff at the modification hearing that his present income was $600 per week and that it was $24,000 per year less than that at the time of the divorce. This appeal followed.

Before addressing the merits of the defendant's claim, we first set forth the legal principles governing our resolution thereof. The party seeking a modification of alimony pursuant to General Statutes § 46b-86 (a)[3] has the burden of demonstrating that a substantial change in the circumstances of either party has occurred. *Borkowski* v. *Borkowski*, 228 Conn. 729, 734, 638 A.2d 1060 (1994). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not

[2] We note that the record does not contain a written memorandum of decision or a signed transcript of the court's oral decision in compliance with Practice Book § 64-1. When the record does not contain a memorandum of decision or signed transcript of the court's oral decision, this court has declined to review the claims on appeal because the record is inadequate for review. *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607–608, 710 A.2d 190 (1998). Where there is an unsigned transcript on file in connection with the appeal, this court may review the claims if the transcript adequately reveals the court's findings and conclusions in connection with its decision. *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). Here, the record contains an unsigned excerpt of the court's order as quoted. Additionally, the plaintiff has included the majority of the transcript in the appendix to his brief. We will, therefore, review the plaintiff's claims on appeal.

[3] General Statutes § 46b-86 (a) provides in relevant part that "any final order for the periodic payment of permanent alimony or support or an order for alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Chyung* v. *Chyung*, 86 Conn. App. 665, 667–68, 862 A.2d 374 (2004), cert. denied, 273 Conn. 904, 868 A.2d 744 (2005). A thorough review of the record convinces us that a mistake has been made in the present case.

The following additional facts and procedural history are central to our conclusion. At the time the marriage of the parties was dissolved pursuant to a stipulated judgment, the plaintiff filed a financial affidavit with the court. That affidavit, sworn to by the defendant on April 20, 1999, stated that his weekly income from his principal employment was $600 per week and did not disclose that he had any other income, including the $24,000 per year that he testified at the modification hearing he had been receiving at the time of the dissolution.[4]

"Our Practice Book has long required that at the time a dissolution of marriage, legal separation or annulment

---

[4] The plaintiff had previously filed at least two other sworn financial affidavits in connection with pendente lite proceedings, and they also listed his income as $600 per week and stated "none" with respect to all other income. The 1998 tax return that was made an exhibit in the modification hearing, however, listed his salary for that fiscal year as $47,000.

action is claimed for a hearing, the moving party shall file a sworn statement . . . of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and *all other income.* . . .

"Our cases have uniformly emphasized the need for full and frank disclosure in that affidavit. A court is entitled to rely upon the truth and accuracy of sworn statements required by § 380 [now § 25-30] of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding." (Citations omitted; emphasis added; internal quotation marks omitted.) *Billington* v. *Billington*, 220 Conn. 212, 219–20, 595 A.2d 1377 (1991).

The plaintiff's testimony at the modification hearing confirms that his April 20, 1999 financial affidavit was neither a true nor accurate representation of his assets and income. That affidavit disclosed no income other than his claimed $600 weekly salary. Presumably, the court relied on that affidavit when it approved the stipulation and rendered judgment in accordance with it. Similarly, in defending against a claim that there had been a change in the plaintiff's financial circumstances, the defendant was entitled to rely on the income displayed to her and the court at the time of the original judgment. See *O'Bymachow* v. *O'Bymachow*, 12 Conn. App. 113, 119, 529 A.2d 747, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987).

Like the present case, *O'Bymachow* involved a misrepresentation of assets and income. The plaintiff in that case submitted a financial affidavit at the time of the divorce in 1982 that listed the values of two businesses he owned as "unknown." (Internal quotation marks omitted.) Id., 118. At the hearing on the defendant's motion for modification held in October, 1985,

the plaintiff testified that, at the time of the divorce, the businesses were in fact worth $260,000. Id. On appeal, this court framed the issue as "whether the financial base at the time of the judgment in October, 1982, is to be determined by reference to the values of the plaintiff's businesses in October, 1982, as established in the October, 1985 modification proceedings, or whether that base is to be determined by reference to the values, or lack thereof, attributed to them by the plaintiff at the time of the original judgment in October, 1982." Id. We held that, for purposes of determining whether a substantial change in circumstances occurred, "those values must be compared to the values, or lack thereof, as represented in the 1982 proceedings," concluding that "it would be unfair and inequitable to permit [the plaintiff] in October, 1985, to take advantage of values which he did not disclose [at the time of the divorce]." Id., 118–19.

In the present case, the court, in acting on the plaintiff's motion to modify, found, as a matter of fact, that the plaintiff's income was approximately $600 per week, a figure *identical* to that at the time of the divorce as represented by the plaintiff in his financial affidavit. In light of that factual determination, the plaintiff's contention that a substantial change in circumstances occurred cannot prevail. As in *O'Bymachow*, it would be unfair and inequitable to permit the plaintiff here to take advantage of values that he did not disclose at the time of the divorce.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion to modify alimony.

In this opinion the other judges concurred.