GEORGE SABROWSKI *v.* BEVERLY R. SABROWSKI
(SC 17738)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued March 13—officially released May 22, 2007

*Eric W. Callahan*, for the appellant (plaintiff).

*James H. Lee* and *Martin M. Rutchik*, for the appellee (defendant).

*Opinion*

ZARELLA, J. The plaintiff, George Sabrowski, appeals, following our grant of certification,[1] from the judgment of the Appellate Court reversing the trial court's order modifying the award of alimony and medical expenses payable to the defendant, Beverly R. Sabrowski. *Sabrowski* v. *Sabrowski*, 95 Conn. App. 625, 626, 631, 897 A.2d 700 (2006). The plaintiff claims that the Appellate Court improperly decided this case on

[1] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly reverse the trial court's finding that the plaintiff had met his burden of establishing a substantial change in circumstances?" *Sabrowski* v. *Sabrowski*, 280 Conn. 919, 908 A.2d 544 (2006).

the basis of an issue that never had been raised or briefed. We agree and, accordingly, reverse the judgment of the Appellate Court.

The following relevant facts and procedural history are set forth in the opinion of the Appellate Court. "The marriage of the parties was dissolved by the court pursuant to a stipulated judgment on May 13, 1999. The plaintiff was ordered to pay the defendant alimony in the amount of $550 per week, terminating when the defendant either reached age sixty-two, became eligible for medicare benefits, remarried or died. In addition, the plaintiff was ordered, as additional alimony, to maintain medical and dental coverage for the defendant and to pay 50 percent of her unreimbursed medical and dental expenses as long as he had a continuing obligation to pay alimony.

"On July 23, 2004, the plaintiff filed a motion to modify alimony, stating that '[a]t the time of these orders, the [p]laintiff expected two sources of income: income from his principal place of employment as well as rental income that the business he owned would be paying to him,' and alleging a substantial change in circumstances due to a business downturn and the resultant loss of the rental income. At the October 21, 2004 hearing on his motion, the plaintiff testified . . . that . . . for the prior ten years, he had been paying himself a salary of $600 per week as the sole officer of the funeral business he owned. He further testified that at the time of the divorce, he had been receiving an additional $24,000 per year in income derived from the rent his funeral business paid to him as the owner of the building in which it operated, but that at the time of the modification hearing, that rent was no longer paid because the business had suffered a loss in revenue.

"Following the hearing, the court granted the motion to modify, ruling as follows: '[W]hat the court needs to

look at for a modification . . . in the alimony . . . would be a substantial change in circumstances. And in calculating the figures, his rental and income salary has decreased by . . . approximately 45 percent from 1999 to the present time. The court finds a substantial change in circumstances and is going to order the following modifications to the judgment: The judgment will be modified, the alimony will be reduced to $250 per week, which is a reduction of approximately 45 percent in [the defendant's] current payment. The obligation to maintain health insurance will be limited to a total payment of $7500 per year. And the obligation to pay any unreimbursed medical expenses on behalf of the defendant will be capped at $1500 per year.' " Id., 626–28.

The defendant appealed to the Appellate Court, claiming that the plaintiff had failed to meet his burden of establishing a substantial change in circumstances and, further, that the trial court improperly (1) assessed the circumstances of both parties pursuant to General Statutes §§ 46b-82 and 46b-86, (2) modified the award of alimony, and (3) modified the plaintiff's obligation to pay the defendant's unreimbursed medical bills and to maintain medical insurance on behalf of the defendant. Specifically, the defendant claimed that the trial court (1) improperly considered the change in only the plaintiff's income in determining that there had been a change in circumstances, (2) incorrectly calculated the percentage decrease in alimony in modifying the original order, and (3) incorrectly classified health and dental insurance as " 'periodic payment[s] of permanent alimony or support' " in accordance with § 46b-86 (a).

The Appellate Court did not address the defendant's specific claims on appeal. Instead, it concluded that the trial court incorrectly had considered a decrease in rental income not listed in the plaintiff's financial affidavit from the original divorce proceeding to support a

finding of a substantial change in circumstances. See *Sabrowski* v. *Sabrowski*, supra, 95 Conn. App. 626, 631. The Appellate Court noted that, at the time of the dissolution, the plaintiff filed a financial affidavit with the court stating that his weekly income from his principal employment was only $600 per week. Id., 629. The court further noted that this figure did not include the $24,000 per year in rental income that, at the modification hearing, the plaintiff testified he had been receiving when the marriage was dissolved. Id. The Appellate Court concluded that, because the defendant did not disclose this income in his financial affidavit at the time of the original alimony order, he could not claim a diminution of that income as a substantial change in circumstances. Id., 631.

The plaintiff claims that the Appellate Court improperly based its decision that the plaintiff had failed to meet his burden of proving a substantial change in circumstances on an issue that never was raised, argued or briefed by the parties. We agree.

We long have held that, in the absence of a question relating to subject matter jurisdiction, the Appellate Court may not reach out and decide a case before it on a basis that the parties never have raised or briefed. *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 522, 815 A.2d 1188 (2003) (*Borden, J.*, concurring and dissenting); see *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 98–99, 644 A.2d 325 (1994). To do otherwise would deprive the parties of an opportunity to present arguments regarding those issues. *Lynch* v. *Granby Holdings, Inc.*, supra, 99. In the present case, the defendant did not contend, either at trial or in her brief or oral argument in the Appellate Court, that the trial court improperly had modified the alimony award on the basis of a decrease in rental income that was not listed in the plaintiff's financial affidavit. Accord-

ingly, the Appellate Court improperly decided the case on the basis of an issue that the parties had not raised.

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the claims that the defendant raised in that court.

In this opinion the other justices concurred.