GEORGE SABROWSKI *v.* BEVERLY R. SABROWSKI
(AC 26021)

DiPentima, Gruendel and Stoughton, Js.

---

Argued October 23—officially released December 18, 2007

*James H. Lee*, with whom were *Martin M. Rutchik* and, on the brief, *Sharon Lee Gibbs*, for the appellant (defendant).

*Eric W. Callahan*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. This appeal returns to this court upon remand from our Supreme Court; *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 923 A.2d 686 (2007); for resolution of the claims of the defendant, Beverly R. Sabrowski, that the trial court improperly (1) assessed the circumstances of both parties pursuant to General Statutes §§ 46b-82 and 46b-86, (2) found that the plaintiff, George Sabrowski, met his burden of establishing a substantial change in circumstances, (3) modified the award of alimony and (4) modified the plaintiff's obligation to pay the defendant's unreimbursed medical bills and to maintain medical insurance on behalf of the defendant. We affirm the judgment of the trial court modifying the award of alimony and medical expenses.

The record reveals the following relevant facts. "The marriage of the parties was dissolved by the court pursuant to a stipulated judgment on May 13, 1999. The plaintiff was ordered to pay the defendant alimony in the amount of $550 per week, terminating when the defendant either reached age sixty-two, became eligible for medicare benefits, remarried or died. In addition, the plaintiff was ordered, as additional alimony, to maintain medical and dental coverage for the defendant and to pay 50 percent of her unreimbursed medical and dental expenses as long as he had a continuing obligation to pay alimony." (Internal quotation marks omitted.) Id., 558.

On July 23, 2004, the plaintiff moved to modify that judgment. That motion stated in relevant part that "[a]t the time of these orders, the plaintiff expected two

sources of income: income from his principal place of employment as well as rental income that the business he owned would be paying to him. At that time of judgment, the parties understood that the plaintiff would have two sources of income. . . . The plaintiff's business has suffered a downturn due to increased competition and other financial issues. This has caused the rental income to be mostly eliminated. This constitutes a substantial change in circumstances which, along with other conditions, changes the plaintiff's financial condition or the condition of the parties, which would require a substantial modification downward in the alimony order." Thereafter, both parties submitted financial affidavits, and a hearing was held on October 21, 2004, at which the plaintiff testified. By order issued that day, the court concluded: "The court finds that there has been a substantial change in circumstances. The plaintiff shall pay to the defendant $250 per week as alimony, orders are retroactive to August 23, 2004. The plaintiff shall pay $7500 per year toward the defendant's medical insurance. The plaintiff shall pay $1500 per year toward the defendant's uninsured and unreimbursed medical expenses."

Before addressing the defendant's specific claims on appeal, we first note the applicable standard of review. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Thus, unless the trial court applied the wrong standard of law, its decision is accorded great deference because the trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases . . . .

With respect to the factual predicates for modification of an alimony award, our standard of review is clear. This court may reject a factual finding if it is clearly erroneous, in that as a matter of law it is unsupported by the record, incorrect, or otherwise mistaken. . . . This court, of course, may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Doody* v. *Doody*, 99 Conn. App. 512, 516–17, 914 A.2d 1058 (2007).

## I

The defendant claims that the court improperly assessed the circumstances of the parties pursuant to §§ 46b-82 and 46b-86.[1] Specifically, she maintains that

[1] General Statutes § 46b-82 (a) provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support or an order for

the court considered only the change in the plaintiff's income. We lack an adequate record to review that assertion.

Following the October 21, 2004 hearing, the court issued an order that stated in relevant part that "the court finds that there has been a substantial change in circumstances." It did not file a memorandum of decision or a signed transcript of an oral decision. The defendant, however, did not attempt to obtain a statement of the court's reasoning pursuant to Practice Book § 64-1 (b).[2] Moreover, the defendant did not request an articulation of the court's judgment, as permitted by Practice Book § 66-5. "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated, is unclear. . . . The purpose of an articulation is to dispel any . . . ambiguity by clarifying the factual and legal basis

alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . . By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. . . . No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

[2] Practice Book § 64-1 (b) provides in relevant part that "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision . . . the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). . . ." Section 64-1 establishes the procedure to be followed by an appellant in the event that the trial court fails to comply with Practice Book § 64-1 (a). *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). An appellant who fails to utilize this procedure fails to ensure an adequate record for review. Id.

upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Citations omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 283, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005).

It is axiomatic that the appellant must provide this court with an adequate record for review. See Practice Book § 61-10. The defendant provided us with neither a memorandum of decision nor an articulation from the trial court providing the legal and factual bases of its decision. Without a sufficient record, we cannot engage in meaningful review of the court's decision with regard to the defendant's claim that the court considered only the change in the plaintiff's income. See *Bebry* v. *Zanauskas*, 81 Conn. App. 586, 594, 841 A.2d 282 (2004).

II

The defendant next claims that the court improperly found that the plaintiff met his burden of establishing a substantial change in circumstances. We disagree.

The party seeking a modification of alimony pursuant to § 46b-86 (a) has the burden of demonstrating that a substantial change in the circumstances of either party has occurred. *Borkowski* v. *Borkowski*, 228 Conn. 729, 734, 638 A.2d 1060 (1994). At the October 21, 2004 hearing, the plaintiff testified as to the decline experienced by his funeral home business. He described his business at the time of the marital dissolution as "very profitable." The plaintiff then detailed a subsequent loss in revenue, which he attributed to new competition in the funeral home business in Colchester. His 1998 and 2003 corporate tax returns, filed as exhibits, substantiate the plaintiff's testimony and evince a business in decline. They indicate that the gross proceeds of the business totaled $341,483 in 1998, and $280,296 in 2003, that its

gross profit totaled $253,214 in 1998, and $206,123 in 2003, and that the plaintiff's compensation dropped from $47,000 in 1998 to $32,400 in 2003. Moreover, the plaintiff in 2003 did not receive $24,000 in rental income from the business, as he had at the time of the marital dissolution.

In light of the foregoing, the court concluded that the plaintiff met his burden of demonstrating a substantial change in circumstances. The record contains ample evidence to support the finding that the plaintiff's income decreased from $71,000 in 1999 to just more than $32,000 in 2003, a decline of approximately 55 percent. Allowing every reasonable presumption in favor of the correctness of its action, we cannot say that the court's determination was improper.

## III

The defendant contends that the court improperly modified the award of alimony by a reduction of $300 per week. Prior to the modification, the plaintiff was obligated to pay the defendant weekly alimony in the amount of $550. As noted in part II, the record contains ample evidence to support the finding that the plaintiff's income decreased from $71,000 in 1999 to just more than $32,000 in 2003, a decline of approximately 55 percent. By reducing the plaintiff's weekly alimony obligation from $550 to $250, the court applied that 55 percent decline to the plaintiff's weekly alimony obligation.

In its order, the court stated: "The court finds that there has been a substantial change in circumstances. The plaintiff shall pay to the defendant $250 per week as alimony, orders are retroactive to August 23, 2004." We repeat that the defendant failed either to secure a written memorandum of decision from the court pursuant to Practice Book § 64-1 (b) or request an articulation pursuant to Practice Book § 66-5. In assessing the

court's modification of the plaintiff's alimony obligation, we must "allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Williams* v. *Williams*, 276 Conn. 491, 497, 886 A.2d 817 (2005). On the record before us, we conclude that the court's determination was not improper.

## IV

The defendant's final claim is that the court improperly modified the plaintiff's obligation to pay her unreimbursed medical bills and to maintain medical insurance on her behalf. She claims that insurance obligations cannot be modified.

In support of her argument, the defendant relies on the decision of this court in *Crowley* v. *Crowley*, 46 Conn. App. 87, 699 A.2d 1029 (1997). In *Crowley*, we held that "[a] life insurance policy order . . . is non-modifiable. General Statutes § 46b-86 (a) allows the court to modify final orders or judgments for the payment of periodic alimony and support, but specifically excludes modification of property assignment."[3] *Crowley* v. *Crowley*, supra, 98. Applying that precedent to the present case, the defendant insists that the court could not modify the plaintiff's obligation to maintain medical insurance and pay unreimbursed medical bills on her behalf. She is mistaken.

A similar argument was presented to, and rejected by, this court in *Carasso* v. *Carasso*, 80 Conn. App. 299, 834 A.2d 793 (2003), cert. denied, 267 Conn. 913, 840 A.2d 1174 (2004). In that case, the trial court held that "the [dissolution judgment] clearly stated that the defendant's payments of medical insurance premiums shall be considered as additional alimony. The court

---

[3] The judgment of dissolution in *Crowley* did not provide that the obligation to maintain the life insurance policy was additional alimony.

finds that the order requiring the defendant to maintain medical insurance for the plaintiff was in the nature of alimony . . . . Similarly, the defendant's obligation to maintain life insurance coverage would continue during the term of his obligation to pay alimony. . . . [T]he court finds that the life insurance order was intended to secure an alimony obligation." (Internal quotation marks omitted.) Id., 310. Because "the insurance obligations were considered alimony substitutes," we concluded that the court did not abuse its discretion in modifying that aspect of the defendant's alimony. Id., 310–11; see also *Damon* v. *Damon*, 23 Conn. App. 111, 115, 579 A.2d 124 (1990) ("[a]n order to provide medical coverage for the duration of the time that periodic alimony is due is no more a future order than the order of the periodic alimony itself . . . and is as modifiable as the award of the periodic alimony" [citation omitted]).

The judgment of dissolution in the present case specifically provided that "the plaintiff is going to maintain medical and dental coverage for the defendant and be responsible for fifty percent of her unreimbursed medical and dental costs. Any costs incurred by the plaintiff along these lines, either for premiums that he pays or his share of the unreimbursed, *will be deemed to be additional alimony* . . . . The obligation with respect to maintaining medical and dental coverage and the obligation for fifty percent of the unreimbursed will continue so long as the plaintiff's obligation to pay alimony continues." (Emphasis added.) Thus, as in *Carasso*, the obligations to pay the defendant's unreimbursed medical bills and to maintain medical insurance on her behalf were alimony substitutes. As such, the court was within its discretion in modifying them.

The judgment is affirmed.

In this opinion the other judges concurred.