## SHIRLEY A. BALDWIN *v.* ANN S. CURTIS
## (AC 27827)

Flynn, C. J., and Gruendel and Foti, Js.

[redacted]

Argued September 20, 2007—officially released February 19, 2008

[redacted]

[redacted]

[redacted]

*Joseph A. Marotti*, with whom, on the brief, was *Frank J. Kolb, Jr.*, for the appellant (plaintiff).

*Eric P. Smith*, with whom, on the brief, was *Donn A. Swift*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. In this premises liability action, the plaintiff, Shirley A. Baldwin, appeals from the judgment of the trial court rendered following the granting of the

motion for summary judgment in favor of the defendant, Ann S. Curtis. On appeal, the plaintiff claims that the court improperly granted the motion for summary judgment in favor of the defendant. The plaintiff argues that a genuine issue of fact exists as to whether the defendant possessed and controlled a parking lot and, thus, owed the plaintiff a duty to exercise reasonable care in the maintenance of that parking lot. We conclude that a genuine issue of fact exists such that the motion for summary judgment should not have been granted in the defendant's favor. We therefore reverse the judgment of the trial court.

The pleadings, accompanying affidavits and other documentary evidence reveal the following undisputed facts. The defendant owns two adjacent properties in Branford, one at 65 South Main Street and one at 69 South Main Street.[1] The properties share a driveway that runs between them, and parking lots exist behind each of the properties. The plaintiff is a tenant at 65 South Main Street, and Sisk Brothers Funeral Home (Sisk) is a tenant at 69 South Main Street.

In January, 2005, the plaintiff commenced an action against the defendant, claiming that, in February, 2003, she slipped and fell on ice in the parking lot located behind 65 South Main Street as a direct and proximate result of the defendant's negligence. The defendant denied that she was negligent in the maintenance of the parking lot and, instead, claimed that the plaintiff was contributorily negligent. The defendant also filed both an apportionment complaint and a cross complaint against her tenant, Sisk, claiming that Sisk was responsible for the maintenance of both parking lots. In response, Sisk denied ever owing a duty to the plaintiff.

[1] The defendant's ownership of the property where the plaintiff's fall allegedly took place was admitted in the defendant's answer and is not in dispute.

The defendant subsequently withdrew both the apportionment complaint and the cross complaint against Sisk, at which point Sisk was no longer a party to this action.

After withdrawing her claims against Sisk, the defendant filed a motion for summary judgment, claiming that "the plaintiff cannot establish a necessary element of her negligence claim—namely duty." The defendant asserted in her supporting memorandum of law that this was because "the plaintiff cannot establish that the defendant was the party in possession and control of the parking lot where the plaintiff allegedly fell." In support of her motion, the defendant attached two sworn affidavits. The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment but offered no counteraffidavit or counter evidence to establish that the defendant possessed and controlled the parking lot.

After hearing oral argument and reviewing the pleadings and the aforementioned affidavits, the court granted the defendant's motion for summary judgment, finding that "in the absence of any counteraffidavit, there is no issue of material fact that the defendant was not in possession, and the motion is granted." The plaintiff filed motions for reargument and articulation. The court denied the motion for reargument but granted the motion for articulation. In its articulation, the court explained that it relied specifically on the defendant's affidavit, paragraph nine, in which she attested, "I was not in possession of either the parking lot or the premises at 65-69 S. Main Street in Branford at any point from July 1993 through the date of February 20, 2003." The court further stated that the "plaintiff, who had ample time to develop contrary evidence through discovery, neither countered these statements with evidence nor requested additional time to do so."

"The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) *LaFlamme* v. *Dallessio,* 261 Conn. 247, 250, 802 A.2d 63 (2002). "The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) *Rockwell* v. *Quintner,* 96 Conn. App. 221, 228, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006). "Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." *LaFlamme* v. *Dallessio,* supra, 250.

The plaintiff brought a negligence action against the defendant grounded in premises liability. "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." Id., 251. "The general rule regarding premises liability in the landlord-tenant context is that landlords owe a duty of reasonable care as to those parts of the property over which they have retained control . . . . [L]andlords [however] generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the

tenant." (Citation omitted; internal quotation marks omitted.) Id., 256–57; see also 2 Restatement (Second), Torts § 421 (1965) (nondelegable duty arises when possessor of land, having leased part of land, still owes duty to maintain in reasonably safe condition that part of land retained by him). In light of the foregoing, the defendant filed a motion for summary judgment, claiming that she did not possess the parking lot and, as such, did not owe the plaintiff a duty. As the defendant was the moving party, it was the defendant's burden to demonstrate the absence of any genuine issue of material fact as to whose duty it was to maintain the parking lot in a reasonably safe condition. The defendant attached two sworn affidavits to her motion for summary judgment, one from the defendant and one from an agent of Sisk. Specifically, in her affidavit, she attested that she did not possess the parking lot and, therefore, did not owe the plaintiff a duty. Sisk's agent attested that Sisk maintained the parking lot. The plaintiff did not counter the affidavits. The question for this court to determine is whether, viewed in the light most favorable to the plaintiff, the affidavits provided sufficient evidence to demonstrate that the defendant did not possess and control the parking lot, and that, as a matter of law, the defendant was entitled to summary judgment.[2]

---

[2] The issue addressed in the concurrence, the applicability of the Landlord Tenant Act, General Statutes § 47a-1 et seq., was not briefed by either the plaintiff or the defendant. At oral argument, not one word was spoken on that issue. It is fundamental that the scope of appellate review in a given appeal is defined by the claims of error actually raised by the parties. Our Supreme Court consistently has admonished this court for stepping beyond that threshold. As it recently stated, "[w]e long have held that, in the absence of a question relating to subject matter jurisdiction, the Appellate Court may not reach out and decide a case before it on a basis that the parties never have raised or briefed." *Sabrowski* v. *Sabrowski*, 282 Conn. 556, 560, 923 A.2d 686, aff'd after remand, 105 Conn. App. 49, 935 A.2d 1037 (2007); see also *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 522, 815 A.2d 1188 (2003) (*Borden, J.*, concurring and dissenting) ("we have even criticized, and reversed, the Appellate Court for reaching out and deciding a case before it on a basis that had never been raised or briefed"); *Lynch*

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Rockwell* v. *Quintner*, supra, 96 Conn. App. 228–29. In the present case, the court rendered summary judgment in favor of the defendant on the basis of the defendant's affidavit, specifically paragraph nine, in which she attested to not possessing the parking lot where the plaintiff fell. The court further based its ruling on the fact that the plaintiff did not counter the defendant's affidavit with evidence even though the plaintiff had ample opportunity to do so. "An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception

v. *Granby Holdings, Inc.*, 230 Conn. 95, 97–99, 644 A.2d 325 (1994) (Appellate Court improperly reached issue never raised by parties); *State* v. *Rosario*, 81 Conn. App. 621, 640, 841 A.2d 254 (*Schaller, J.*, concurring) ("Our Supreme Court does not approve of this court reaching and deciding issues that were not raised or briefed by the parties. . . . We should not, and indeed are without authority, to render advisory opinions."), cert. denied, 268 Conn. 923, 848 A.2d 473 (2004). That precedent is grounded in the principle of judicial restraint.

In *Lynch* v. *Granby Holdings, Inc.*, supra, 230 Conn. 98, our Supreme Court explained that, when the parties to an appeal have not raised a given claim, only the plain error doctrine can bring that claim within our purview. Although the concurrence cites cases in which a panel of Supreme Court justices ordered supplemental briefing, it provides no analysis as to why application of the plain error doctrine is appropriate, nor does it cite a single case in support of its proposition that the Landlord Tenant Act is "plainly applicable" to the present case. See *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 480 n.6, 628 A.2d 946 (1993). "[T]he plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly." (Internal quotation marks omitted.) *State* v. *Fagan*, 280 Conn. 69, 87, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). A majority of this panel has concluded that the failure of the trial court and the parties to address the applicability of the Landlord Tenant Act is far from a truly extraordinary situation invoking that very demanding standard.

has been articulated in our jurisprudence with less frequency than has the general rule. On a motion by the defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint. . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Id., 229–30.

In the present case, the defendant attached two affidavits in support of her motion for summary judgment. In her affidavit, the defendant attested that she did not possess the parking lot. In addition, she attested that Sisk maintained the parking lot. The defendant did not, however, attest as to who possessed the parking lot, if she did not, and *her ownership of the parking lot is undisputed.* The second affidavit by Sisk's agent attested that Sisk maintained the parking lot. It did not allege that Sisk possessed or controlled the parking lot. Because the plaintiff allegedly fell in the parking lot, common to all tenants, and because it is undisputed that the defendant owns the parking lot, without evidence tending to show that someone other than the defendant possessed and controlled the parking lot, the defendant has not met her burden of proof. Cf. *State* v. *LoSacco,* 12 Conn. App. 172, 177, 529 A.2d 1348 (1987) ("Our landlord-tenant law generally presumes that a landlord retains possession, control, and responsibility for all common areas in a leased premises . . . . Similarly, tort law principles recognize that a landlord, having retained control of common areas, is responsible for

their maintenance and repair because he has a right of entry and control of those areas, while no tenant can claim exclusive control of them." [Citations omitted.]). As the defendant's evidence failed to negate a genuine issue of material fact, the plaintiff was not obligated to submit documents establishing the existence of such an issue. See *Rockwell* v. *Quintner,* supra, 96 Conn. App. 228 (defendant's evidence failed to "[exclude] any real doubt as to the existence of any genuine issue of material fact"). Having failed to negate a genuine issue of material fact, the defendant did not meet her burden of establishing that, as a matter of law, summary judgment should have been rendered in her favor. Accordingly, we reverse the judgment of the trial court.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion FOTI, J., concurred.

FLYNN, C. J., concurring in result. I respectfully write separately because although I concur with the holding of the majority that the motion for summary judgment should not have been granted at this time and would reverse the judgment of the trial court, I first would order further briefing on the applicability of the Landlord Tenant Act, General Statutes § 47a-1 et seq., which appears to be the law to govern this residential landlord tenant case.

Although the plaintiff, Shirley A. Baldwin, claimed that the duty of her landlord was mandatory and nondelegable, she cited no statutory authority for that proposition. It is not disputed in this case that the plaintiff was a residential tenant of the defendant, Ann S. Curtis. Although the parties have not briefed the applicability of the Landlord Tenant Act, subsection (e) of § 47a-1 of that act defines an owner of real property, subject to the mandates of its provisions, to include any one

or more persons in whom legal title to a property is vested. See General Statutes § 47a-1 (e). It defines a landlord in relevant part as "the owner . . . of the dwelling unit, the building of which it is a part or the premises." General Statutes § 47a-1 (d). Premises are defined as "a dwelling unit and the structure of which it is a part and facilities and appurtenances therein and grounds, areas and facilities held out for the use of tenants generally or whose use is promised to the tenant." General Statutes § 47a-1 (g). General Statutes § 47a-7 of the act sets forth the responsibilities of a residential landlord. Subsection (a) states a landlord's responsibility in mandatory terms, and it specifically requires, among several other things, that a landlord keep all common areas in a clean and safe condition. General Statutes § 47a-7 (a) (3). It says nothing that would limit that responsibility to those landlords who are in possession and control of the premises.

The landlord defendant in this case claimed entitlement to summary judgment on the theory that she could not be held liable for the plaintiff's fall on icy pavement because she had arranged with another of her tenants, from a neighboring property, to clear the common parking areas where the plaintiff fell. She reasoned, therefore, that she was not in possession and control of the parking area. The plaintiff opposed the granting of the motion for summary judgment on the ground that the landlord's duty to the plaintiff was mandatory and nondelegable. She did not cite the Landlord Tenant Act as authority for her position, however.

Section 47a-7 (d) appears to provide expressly that a residential landlord can contract with another tenant to provide maintenance of the premises but only if "the agreement does not diminish or affect the obligation of the landlord to other tenants in the premises." General

Statutes § 47a-7 (d) (4).[1] Although on appeal we have plenary power to determine whether a party was entitled to judgment as a matter of law, mindful of the *Granby Holdings, Inc.*, case,[2] I would order the parties to brief what I consider to be substantial questions, namely the applicability of the Landlord Tenant Act and whether control is a material issue affecting the duty of the landlord to the tenant under the facts and circumstances of this case.

Our Supreme Court has ordered further briefing, sua sponte, on legal issues before it. It also has instructed that "[i]t is plain error for a trial court to fail to apply an applicable statute, even in the absence of the statute having been brought to its attention by the parties." *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 480 n.6, 628 A.2d 946 (1993) (sua sponte ordering supplemental briefing on applicability of statute not considered by trial court or parties and ultimately deciding appeal on that basis); see also *Location Realty, Inc.* v. *General Financial Services, Inc.*, 273 Conn. 766, 771 and n.8, 873 A.2d 163 (2005) (ordering supplemental briefings and considering application of statute not raised before trial court); *Pelletier* v. *Sordoni/Skanska Construction Co.*, 264 Conn. 509, 517 n.5, 825 A.2d 72 (2003) ("although the parties did not refer the trial court to the significance of General Statutes § 31-291, we consider it in the context of the present appeal because

---

[1] General Statutes § 47a-7 (d) provides: "The landlord and tenant of a dwelling unit other than a single-family residence may agree that the tenant is to perform specified repairs, maintenance tasks, alterations or remodeling if (1) the agreement of the parties is entered into in good faith; (2) the agreement is in writing; (3) the work is not necessary to cure noncompliance with subdivisions (1) and (2) of subsection (a) of this section; and (4) the agreement does not diminish or affect the obligation of the landlord to other tenants in the premises."

[2] See *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 98–99, 644 A.2d 325 (1994).

. . . that statute is central to the question of [the defendant's] potential common-law liability to the plaintiff for negligence").