MICHELLE SAGALYN *v.* CHRISTOPHER PEDERSON
(AC 34172)

DiPentima, C. J., and Lavine and Peters, Js.

Argued December 3, 2012—officially released February 19, 2013

*Edward Kanowitz*, for the appellant (plaintiff).

*A. Reynolds Gordon*, with whom, on the brief, was *Frank A. Denicola, Jr.*, for the appellee (defendant).

*Opinion*

PETERS, J. General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree [dissolving a marriage] precludes modification . . . an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . ." In this case, the trial court terminated the defendant's obligation to maintain term life insurance for the benefit of his children because he could no longer afford it. The plaintiff maintains that the court improperly held

that the terms of the parties' dissolution decree permitted such a modification and that the court improperly found that the defendant could no longer afford to comply with the terms of the separation agreement. We affirm the judgment of the trial court.

On June 6, 2006, the marriage of the plaintiff, Michelle Sagalyn, and the defendant, Christopher Pederson, was dissolved by a judgment incorporating a separation agreement between the parties dated May 24, 2006. Article XI of the separation agreement obligated each party "to maintain a life insurance policy for the benefit of the minor children in the amount of $400,000.00 for each child until the youngest child reaches 23 years of age."

On August 27, 2010, the plaintiff filed a motion for contempt and for an order to compel the defendant to comply with his article XI life insurance obligation. In response, on January 24, 2011, the defendant filed a motion for modification of the dissolution judgment, seeking (1) a modification of his financial obligation for child support because he had become the custodial parent of one of the parties' two minor children, and (2) the termination of the parties' life insurance obligations, as stated in article XI of their separation agreement, because he could no longer afford the only insurance coverage for which he currently was eligible. After an evidentiary hearing, the court denied the plaintiff's motion for contempt and granted the defendant's motion for modification on both grounds. The court thereafter denied the plaintiff's motion for reargument.

The plaintiff's appeal challenges, on two grounds, the propriety of the court's decision to deny her motion for contempt and to grant the defendant's motion to terminate the parties' life insurance obligations under article XI of their separation agreement.[1] As a matter

---

[1] The plaintiff's appeal does not challenge the propriety of the court's holding that, because of a change in the custodial arrangements for the

of law, the plaintiff maintains that the court lacked jurisdiction to modify article XI because that provision amounted to a property division. As a matter of fact, she contends that the court improperly found that the defendant could no longer afford to comply with article XI. We are not persuaded.

I

The plaintiff's principal contention in this appeal is that the court improperly denied her motion for contempt because, under the terms of the separation agreement that was incorporated into the parties' dissolution decree, the court lacked subject matter jurisdiction to modify the defendant's life insurance obligation. In her view, the insurance provision was not modifiable because it was part of the parties' *property* division. See *Billings* v. *Billings*, 54 Conn. App. 142, 148–49, 732 A.2d 814 (1999) (holding that trial court did not have authority to modify property assignment entered pursuant to dissolution judgment). We disagree.

We begin by setting forth the applicable standard of review. "It is well established that a separation agreement, incorporated by reference into a judgment of dissolution, is a contract between the separating parties. . . . Accordingly, our review of a trial court's interpretation of a separation agreement is guided by the general principles governing the construction of contracts. . . . If a contract is unambiguous within its four corners, intent of the parties is a question of law requiring plenary review. . . . When the language of a contract is ambiguous, the determination of the parties' intent is a question of fact, and the trial court's interpretation is subject to reversal on appeal only if it is clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Tomlinson* v. *Tomlinson*, 119 Conn.

parties' older child, the defendant was entitled to a reduction in his obligation for child support.

App. 194, 200–201, 986 A.2d 1119 (2010), rev'd on other grounds, 305 Conn. 539, 46 A.3d 112 (2012). Here, article XI of the separation agreement is clear and unambiguous, and thus our review of the court's interpretation is plenary.

The separation agreement that was incorporated into the parties' dissolution judgment provided in article XI: "The Husband shall be obligated to maintain a life insurance policy for the benefit of the minor children in the amount of $400,000.00 for each child until the youngest child reaches 23 years of age. The Wife shall be obligated to maintain a life insurance policy for the benefit of the minor children in the amount of $400,000.00 for each child until the youngest child reaches 23 years of age." The court held that article XI was a modifiable personal obligation of each parent for the benefit of the minor children. The plaintiff disagrees with this characterization of article XI.

Since its amendment in 2001, § 46b-86 (a) expressly permits a court to set aside an order requiring a parent to maintain life insurance for a minor child "[u]nless and to the extent that the decree [dissolving a marriage] precludes [such] modification . . . ." The plaintiff emphasizes the fact that, organizationally, the separation agreement contains no other modifiable provisions such as alimony or child support after article VI,[2] but instead consists of terms that deal with the nonmodifiable disposition of property issues. She asks us to infer that article XI implicitly incorporates a similar understanding. By contrast, the defendant emphasizes that

[2] The plaintiff cites testimony of the defendant in response to the question by the plaintiff's counsel: "Is your obligation to maintain the life insurance an independent obligation in this agreement?," to which the defendant replied: "I believe it is." We are not persuaded that the defendant, who is not an attorney, should be presumed to have understood the legal significance of this question and of his answer.

article XI expressly states that the insurance it mandates is intended to benefit the children of the parties "until the youngest child reaches 23 years of age."

For support of the position that article XI is not modifiable, the plaintiff relies on *Crowley* v. *Crowley*, 46 Conn. App. 87, 98, 699 A.2d 1029 (1997), and *Billings* v. *Billings*, supra, 54 Conn. App. 148. In both cases, this court held that a life insurance provision in a dissolution decree that named one of the former marital partners as its beneficiary was intended as a property settlement, and therefore was not modifiable. For two reasons, we are persuaded that these precedents do not govern in this case.

First, both cases were decided before the 2001 amendment of § 46b-86, which now expressly authorizes modification of life insurance orders in marital dissolution decrees. The plaintiff has cited no post-2001 case that supports her position.[3]

Second, both cases deal with life insurance provisions for the benefit of one of the former marital partners, and thus reasonably could be found to be part of *their* property settlement. That characterization is not appropriate in this case, in which the contested insurance provision deals with the parties' continuing nondelegable duty to support their children and expressly designates the former partners' children as the intended beneficiaries. As the defendant aptly observes, "[a]ssets get divided between husband and wife, not [between] husband and children."

Although the defendant has not cited any law specifically addressing the proper characterization of an obligation to provide life insurance for the benefit of the

[3] The plaintiff's reliance on *Dougan* v. *Dougan*, 301 Conn. 361, 21 A.3d 791 (2011), is misplaced. That case did not address the modifiability of a provision for life insurance for the benefit of the former marital partners' children.

children after the dissolution of their parents' marriage, he reminds us that this court has addressed similar issues in cases involving separation decrees that included provisions for insurance to underwrite *alimony* obligations. In *Sabrowski* v. *Sabrowski*, 105 Conn. App. 49, 57–58, 935 A.2d 1037 (2007), this court upheld the trial court's modification of a plaintiff's obligation to pay his former wife's unreimbursed medical bills and to maintain medical insurance on her behalf. Similarly, in *Carasso* v. *Carasso*, 80 Conn. App. 299, 310, 834 A.2d 793 (2003), cert. denied, 267 Conn. 913, 840 A.2d 1174 (2004), this court upheld the trial court's modification of a party's medical insurance obligation in light of a provision in the parties' dissolution judgment describing the defendant's payments of such insurance premiums as " 'additional alimony.' " See also *Damon* v. *Damon*, 23 Conn. App. 111, 115, 579 A.2d 124 (1990) ("[a]n order to provide medical coverage for the duration of the time that periodic alimony is due . . . is as modifiable as the award of the periodic alimony" [citation omitted]).

It is true that these precedents arguably are distinguishable because, in this case, article XI did not expressly describe the parties' insurance obligations as additional child support. This distinction, however, is not dispositive. Even if the provision of article XI is ambiguous, and, thus, "the determination of the parties' intent is a question of fact, and the trial court's interpretation is subject to reversal on appeal only if it is clearly erroneous"; (internal quotation marks omitted) *Honulik* v. *Greenwich*, 293 Conn. 698, 711, 980 A.2d 880 (2009); the court in this case resolved the ambiguity in favor of the defendant, finding that "the obligation to maintain insurance is clearly for the benefit of the children for their well-being and support." We are not persuaded that this finding is clearly erroneous. Indeed, we cannot discern, and the plaintiff has not suggested,

any purpose *other* than child support that the parties in this case might have intended article XI to serve.

## II

Alternatively, the plaintiff maintains that her motion for contempt should have been granted even if the court properly construed the parties' settlement agreement to permit modification of the defendant's article XI obligation. In her view, the court improperly found, as a matter of fact, that the defendant could no longer afford to pay for insurance for the benefit of his children. The plaintiff concedes, and we agree, that our review of the court's finding and of its underlying evidentiary rulings is limited to an inquiry into whether the court's actions were clearly erroneous. See *Ahmadi* v. *Ahmadi*, 294 Conn. 384, 397–98, 985 A.2d 319 (2009). We are not persuaded that the plaintiff has made such a showing.

The court found credible the defendant's testimony that, after the expiration of the group life insurance policy that had covered his insurance obligation at the time of the parties' separation,[4] the defendant had access only to individual insurance that cost $9500 a year. The court further found that, in light of the assets then available to the defendant, this replacement insurance was not affordable. In making that finding, the court declined to count, among the defendant's available assets, his deferred right to access vested pension benefits and social security benefits.[5] Although the plaintiff has vigorously voiced her disagreement with this analysis of the defendant's assets, she has cited no authority to establish that the court's finding was clearly erroneous, and we are aware of none.

---

[4] The defendant testified, without contradiction, that the group insurance had cost $205 a month, or $2460 a year, and that, for reasons of health and age, he no longer was eligible for such insurance.

[5] The defendant was sixty-two years of age at the time of the hearing and would be eligible to receive a pension and social security benefits when he became sixty-five.

In sum, we conclude that the trial court properly decided that it had the ability to modify the life insurance provision in the settlement agreement that was incorporated into the decree dissolving the marriage of the parties. As a matter of law, the court properly concluded that it had the authority to consider the modifiability of this provision. The designation of the parties' children as beneficiaries of the insurance manifested the parties' intent to consider the insurance as part of their obligations for child support and the provision was, therefore, modifiable. As a matter of fact, the court's finding that the plaintiff failed to establish that the defendant's noncompliance with the provision as written was a contempt of court was not clearly erroneous. In its consideration of this motion and of the defendant's motion for modification, the court properly focused its analysis on the financial resources then available to the defendant. It is worth noting, finally, that nothing in this case diminishes, or indeed has any bearing on, the defendant's continued obligation to support the parties' two children in all respects other than the obligation to provide life insurance for their benefit.

The judgment is affirmed.

In this opinion the other judges concurred.